Lianlian Porth

Email :Lhkc_25@outlook.com

Phone: 408-381-9986

Address: P.O BOX 267,San Lorenzo, CA 94580

Atty.: Pro Se

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Lianlian Porth  , <br><br> Plaintiff, <br><br> vs. <br><br> **PAYWARD, INC.** and **PAYWARD VENTURES, INC.,** <br><br> Defendant. | No.   3-25-cv-01885-VC <br> **PLAINTIFF'S UNILATERAL RULE 26(f) REPORT AND PROPOSED CASE MANAGEMENT STATEMENT** <br> **Time:** April,22 2025 <br> **Method of Conference:** Written correspondence via email <br> **Coordination Topic:** Do Defs. confirm they will complete all disclosures by May 6, 2025, in Exhibit J? <br> **Response method:** Written reply by email — YES or NO. <br> **Meeting outcome:** Defs violated Rule 26(f) by failing to substantively respond — neither YES nor NO. |

**Plaintiff's Unilateral Rule 26(f) Case Management Report — Preliminary Statement (Timeline Presentation)**

    Pursuant to the applicable provisions of the Federal Rules of Civil Procedure, Plaintiff respectfully submits this unilateral Rule 26(f) Case Management Report. To facilitate the Court's understanding of the procedural background, Plaintiff hereby provides a summary of the key procedural events in this case:

**Rule 26(f) Unilateral Case Management Report--From Plaintiff**

1

1. **May 11, 2022**: Defendants had a statutory obligation, under probate court proceedings, to fully disclose to Plaintiff the assets held in the accounts of her deceased husband. However, Defendants failed to fulfill this obligation in full, resulting in the continued unaccounted status of these assets. Plaintiff is the sole lawful heir of the decedent. Under applicable law, one half of the assets at issue constitutes Plaintiff's marital property, and the other half constitutes Plaintiff's inherited estate.

2. **February 21, 2025**: Plaintiff formally initiated this lawsuit, alleging that Defendants concealed her late husband's account assets and thereby incurred multiple liabilities under both federal and state laws.

3. **March 7, 2025**: Plaintiff served Defendants with the complaint, all supporting evidentiary exhibits, and concurrently issued a REQUEST FOR DISCLOSURE pursuant to Rules 26 and 34 (attached as Exhibit J). Plaintiff voluntarily granted Defendants an extended 60-day response period, setting the deadline for both answering and disclosure at May 6, 2025.

4. **April 4, 2025**: Before Defendants filed any answer, Plaintiff proactively sent a letter inquiring whether Defendants preferred a jury trial or an early settlement **(attached as Exhibit K).**

5. **April 12, 2025**: Defendants formally rejected the proposal for early settlement and explicitly elected to proceed with a jury trial **(attached as Exhibit L).**

6. **April 12, 2025** (same day): Plaintiff acknowledged Defendants' position and informed Defendants that a Rule 26(f) coordination letter would be issued within a few days **(attached as Exhibit M).**

7. **April 16, 2025**: Plaintiff formally sent Defendants a detailed coordination letter, proposing to complete the Rule 26(f) conference in writing via email, and setting a response deadline of April 22, 2025. Given that Plaintiff had already completed her initial disclosures at the complaint

**Rule 26(f) Unilateral Case Management Report--From Plaintiff**

2

stage, the sole substantive agenda item for the conference was: "Whether Defendants will complete their disclosure obligations pursuant to Exhibit J (REQUEST FOR DISCLOSURE) by May 6, 2025." Plaintiff expressly requested Defendants to provide a written "Yes" or "No" response. Plaintiff further advised that if Defendants responded clearly, the conference would be deemed complete; if Defendants failed to respond, they would be deemed non-cooperative, and Plaintiff would proceed to submit this management report and reserve all rights to seek further relief **(attached as Exhibit N).**

**8.  Evening of April 22, 2025**: Defendants sent a brief email. However, Defendants' email failed to provide any substantive response to the sole agenda item expressly set forth in Plaintiff's coordination letter—namely, whether Defendants would complete disclosure pursuant to Exhibit J by May 6, 2025. Defendants also failed to propose any meeting time or offer any constructive input, thereby preventing Plaintiff from proceeding with the drafting and filing of a joint report **(attached as Exhibit O)**

**Whereas** the clear identification of the scope of the estate and the tracing of asset flows are central to the present dispute, full disclosure of estate-related information is a necessary precondition for the case to proceed to substantive adjudication;

**Whereas** the duty of disclosure constitutes the foundation of both procedural fairness and substantive justice, serving as a critical safeguard to ensure that the adjudication remains focused on core factual issues;

**Whereas** Defendants, under applicable inheritance laws, bear an independent and non-delegable statutory obligation of disclosure, which is unrelated to any procedural dispute and falls squarely within the domain of substantive justice;

**Whereas** Defendants have expressly declined early settlement and elected to proceed to a jury

**Rule 26(f) Unilateral Case Management Report--From Plaintiff**

trial;

**Whereas** pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants are required to respond to Plaintiff's REQUEST FOR DISCLOSURE (Exhibit J) no later than May 6, 2025;

**Whereas** on April 16, 2025, Plaintiff formally initiated the Rule 26(f) Case Management Conference by email, in accordance with Rule 26(f) of the Federal Rules of Civil Procedure;

**Whereas** although Defendants provided a written response on the evening of April 22, 2025, such response:

· Failed to address the sole substantive coordination issue presented by Plaintiff;

   · failed to provide any substantive response or actionable arrangement regarding the disclosure framework, timeline, or coordination matters;

· Merely objected in form to Plaintiff's unilateral submission of this report, without demonstrating any substantive intent to cooperate;

   · Failed to materially advance the coordination process or satisfy the procedural requirements of a Rule 26(f) conference;

**Now therefore**, pursuant to Rule 26(f)(2) of the Federal Rules of Civil Procedure and Civil Local Rule 16-9(a) of the Northern District of California, and having received no substantive cooperation within 10 days of initiating coordination, Plaintiff hereby fulfills her duty to submit this **Unilateral Draft Joint Case Management Report.** Plaintiff's schedule strictly adheres to the timeline prescribed in Rule 26(a)(1)(C), with the coordination deadline falling 14 days before the disclosure deadline, in full compliance with federal procedural

requirements

## 1. Case Summary (Jurisdiction and Service)

**1.1**  Plaintiff Lianlian Porth (Pro Se) commenced this action before this Court on February 21, 2025.

**1.2**  All Defendants were properly served on March 7, 2025, in accordance with applicable rules.

**1.3**  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

**1.4**  The dispute concerns fraudulent concealment and misrepresentation within the inheritance process, breach of statutory duties in estate administration, procedural obfuscation, corporate governance deficiencies, and violations of the Anti-Money Laundering (AML) regulations, Know Your Customer (KYC) obligations, financial disclosure requirements, and misuse of legal process—resulting in ongoing unconstitutional deprivations of Plaintiff's property rights and due process, and causing substantial economic and emotional harm.

**1.5**  Venue is proper pursuant to 28 U.S.C. § 1391.

**1.6**  Service of process was effected in full compliance with Rule 4 of the Federal Rules of Civil Procedure, and Defendants have raised no objection thereto

## 2. Statement of Facts

**2.1**  This case arises from the prolonged absence of clarity regarding digital assets left in accounts belonging to Plaintiff's late husband on Defendants' platform.

2.2  During the inheritance proceedings, Plaintiff discovered systemic obfuscation, false veil structures, obstruction of disclosure, and asset control issues attributable to Defendants.

2.3  Through the Complaint and Exhibits A through I, Plaintiff has reconstructed the timeline of events, causal responsibility chain, and behavioral patterns within Defendants' internal systems.

2.4  As of the date of this filing, Defendants have not provided any substantive response to the above allegations.

## 3. Legal Issues and Claims

3.1  With respect to liability, Plaintiff alleges that Defendants' parent and subsidiary entities operate under a false corporate veil.

3.2  Plaintiff asserts seven principal claims:

   3.2.1  Fraudulent Concealment :

   3.2.2  Fraudulent Misrepresentation:

   3.2.3  Malicious Obstruction of Inheritance Rights:

   3.2.4  Property Torts:;

   3.2.5  Violations of Anti-Money Laundering (AML) and Know Your Customer (KYC) compliance obligations;

   3.2.6  Violation of Financial Disclosure Obligations;

   3.2.7  Abuse of legal process.

3.3  The core legal issues in dispute include:

**Rule 26(f) Unilateral Case Management Report--From Plaintiff**

    3.3.1  Whether Defendants, through systemic fraudulent concealment, misrepresentation, and failure to comply with financial disclosure obligations, infringed upon Plaintiff's inheritance and property rights;

    3.3.2  Whether Defendants, by obstructing the estate administration process, engaging in conversion, and abusing legal procedures, impaired Plaintiff's access to lawful remedies and asset tracing, thereby violating her inheritance and property rights;

    3.3.3  Whether, in the context of Defendants' violations of AML/KYC compliance obligations, they unlawfully retained and continued to obstruct the administration and delivery of estate assets, thereby infringing upon Plaintiff's inheritance and property rights;

    3.3.4  Whether the above conduct has caused Plaintiff substantial economic loss and severe emotional harm;

    3.3.5  Whether mandatory disclosure procedures under the Federal Rules should be enforced to reconstruct the full factual timeline and trace the flow of estate-related assets

## 4. Motions

**4.1** As of the date of this report, Defendants have not filed any motions.

**4.2** Plaintiff has defined the disclosure framework through Exhibit J and intends to file a motion to compel pursuant to Rule 37(a) if Defendants fail to comply with the May 6, 2025 deadline.

**4.3** Plaintiff reserves the right to file motions for sanctions, adverse inference, and on-site data inspection.

## 5. Amendments to Pleadings and Addition of Parties

**5.1** In light of Defendants' failure to complete initial disclosures, Plaintiff reasonably anticipates the need to make technical amendments to the complaint and/or add parties based on forthcoming disclosure materials.

**5.2** Plaintiff proposes that the preliminary deadline for amending pleadings and adding parties be set for **Wednesday, May 6, 2026,** and respectfully reserves the right to seek appropriate adjustments based on the progress of subsequent disclosures.

## 6. Evidence Preservation & Disclosure

**6.1** Plaintiff has completed initial disclosures (Exhibits A–I).

**6.2** Plaintiff served the Request for Disclosure (Exhibit J) concurrently with the filing of the Complaint. This request was prepared pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and Plaintiff voluntarily granted Defendants a 60-day extension, setting the disclosure deadline as May 6, 2025.

**6.3** Exhibit J clearly specifies the scope and standards of disclosure, including platform account logs, backend system records, internal administrative actions, and identity verification materials.

**6.4** As of the date of this report, Defendants have not provided any substantive response.

**6.5** Plaintiff reserves the right to file a motion to compel disclosure under Rule 37(a) if Defendants fail to comply by May 6, 2025.

## 7. Discovery Plan

**7.1** Deadline for initial disclosures: **May 6, 2025**

**7.2** Deadline to file motion to compel disclosure: **August 6, 2025**

**7.3** Court-enforced disclosure window: **Before November 6, 2025**

**7.4** Deadline to complete fact discovery: **December 6, 2025**

**7.5** Deadline to amend pleadings and add parties: **May 6, 2026**

**7.6** Deadline for dispositive motions: **December 6, 2026**

**7.7** Proposed pretrial conference window: **February 6, 2027 to March 6, 2027**

**7.8** Proposed trial window: **March 7, 2027 to April 6, 2027**

**7.9** This discovery schedule is structured around the closed-scope disclosure framework set forth in Exhibit J, designed to proceed with discipline and avoid aimless or overly broad discovery.

## 8. Settlement and ADR

8.1 **On April 4, 2025,** Plaintiff formally proposed a structured settlement framework, consisting of four core components: scope of liability, compensation mechanism, valuation model, and timeline.

**8.2 On April 12, 2025,** Defendants formally rejected the proposed settlement and offered no alternative proposal.

**8.3** Plaintiff considers that Defendants have forfeited the opportunity for early resolution but remains open to resuming discussions should Defendants demonstrate clear intent and acknowledge their disclosure obligations.

**8.4** Plaintiff does not seek participation in ADR proceedings at this stage, as the core disputes concern disclosure obligations and liability determination, and there is currently no factual foundation for meaningful settlement.

**Rule 26(f) Unilateral Case Management Report--From Plaintiff**

## 9. Trial Plan

**9.1**  Both parties have affirmatively requested a jury trial.

**9.2**  Estimated length of trial: 7 to 9 court days.

**9.3**  Mode of trial: Jury trial.

**9.4**  Proposed trial window: March 7, 2027 to April 6, 2027.

**9.5**  Proposed pretrial conference window: February 6, 2027 to March 6, 2027.

## 10. Related Cases

**10.1**  After conducting a thorough review, Plaintiff confirms that, as of the date of this filing, there are no related proceedings pending in any federal or state court, or in arbitration.

**10.2**  Plaintiff further confirms that she has not initiated, nor has she been named in, any other action concerning the disputes at issue in this case.

## 11. Proposed Scheduling

**11.1**  Based on the current pace of disclosures and the procedural posture of the case, Plaintiff proposes the following key deadlines:

- **Initial Disclosure Deadline (Exhibit J):**  May 6, 2025

- **Motion to Compel Disclosure Deadline:**  August 6, 2025

- **Court-Enforced Disclosure Window:** Before November 6, 2025

- **Fact Discovery Cutoff:** December 6, 2025

- **Deadline to Amend Pleadings and Add Parties:** May 6, 2026

- **Dispositive Motions Deadline:** December 6, 2026

- **Proposed Pretrial Conference Window:** February 6, 2027 to March 6, 2027

- **Proposed Trial Window:** March 7, 2027 to April 6, 2027

11.2  This scheduling framework is anchored in the disclosure structure set forth in Exhibit J, ensuring a clear procedural rhythm and seamless progression, while avoiding disorganized or aimless discovery.

11.3  Plaintiff reserves the right to reasonably consider and negotiate minor adjustments to the proposed schedule in response to specific and feasible proposals from Defendants. However, Plaintiff opposes any extension requests premised on failure to comply with disclosure obligations or on procedural delay tactics.

## 12. Disclosure and Discovery Management Issues

12.1  Plaintiff, through Exhibit J, has clearly demanded that Defendants fully, truthfully, completely, and without reservation disclose all account asset information, backend system logs, internal administrative operations, and identity verification materials.

12.2  As this case arises from an inheritance dispute, and Plaintiff is the sole heir of her deceased husband, the assets at issue include both inherited property and marital community property.

Defendants may not invoke "privacy," "confidentiality," or "internal compliance" as grounds to refuse or limit disclosure, nor may they engage in selective redaction or withholding.

**12.3** The disclosure request specifies standards for electronically stored information (ESI), including read-only files, transaction hash values, complete timestamps, and backend audit logs, to ensure data integrity and verifiability.

**12.4** Plaintiff expressly emphasizes that the disclosure structure is closed in nature—requiring single-round delivery, full-path traceability, and full lifecycle coverage. Fragmented, delayed, or altered disclosures are categorically prohibited.

**12.5** Plaintiff reserves all rights under Rule 37(a) of the Federal Rules of Civil Procedure to seek a motion to compel disclosure and to request procedural sanctions, including adverse inference and evidentiary exclusion.

**12.6** The specific disclosure framework and technical standards are set forth in Exhibit J.

## 13. Relief Requested

### I. Compel Disclosure

**13.1** Plaintiff respectfully requests that the Court, pursuant to Federal Rules of Civil Procedure 26, 34, and 37(a), as well as applicable California inheritance law and Anti-Money Laundering (AML) regulations, issue an order compelling Defendants to fully, truthfully, and completely fulfill their disclosure obligations within a reasonable timeframe.

### II. Liability Findings

**13.2** Plaintiff requests that the Court find Defendants liable for the following tortious conduct:

Fraudulent concealment；Fraudulent misrepresentation； Malicious interference with inheritance rights；Property Torts:;； Violations of AML/KYC compliance obligations；Violation of Financial Disclosure Obligations; ； Abuse of legal process.

### III. Recognition of Right to Damages

13.3  Plaintiff requests that the Court recognize her right to seek damages in the following categories:

· Compensatory damages (including direct and consequential economic loss)

· Punitive damages (for willful and malicious conduct)

· Emotional distress damages

· Other costs and expenses

### IV. Award of Damages

13.4  Plaintiff requests that, upon completion of Defendants' disclosures and in light of the facts revealed, the Court determine and award appropriate monetary compensation.

### V. Reservation of Rights

13.5  Plaintiff respectfully requests that the Court affirm her right to amend or supplement the claimed damages and relief sought based on information obtained through subsequent disclosures

### 14. Attestation and Signatures

Rule 26(f) Unilateral Case Management Report--From Plaintiff

14.1 On April 16, 2025, Plaintiff formally initiated the Rule 26(f) case management coordination process via email, identifying a single agenda item: whether Defendants would fulfill their initial disclosure obligations pursuant to Exhibit J.

14.2 Plaintiff set the response deadline for April 22, 2025 at 11:59 p.m., which thereby constituted the effective date of completion for the Rule 26(f) conference.

14.3 Although Defendants issued a response, they failed to provide any clear position on the substantive coordination issue and did not engage in meaningful participation. As such, the Rule 26(f) coordination process was not completed. Defendants' reply does not satisfy the coordination obligations required under Rule 26(f) of the Federal Rules of Civil Procedure, nor does it constitute good-faith participation as expected by the Court's scheduling standards.

14.4 Pursuant to Rule 26(f)(2) of the Federal Rules of Civil Procedure and Civil Local Rule 16-9(a) of the Northern District of California, Plaintiff hereby submits this unilateral draft case management report ten (10) days after initiating the coordination process, in order to advance the case and fulfill reporting obligations.

14.5 Plaintiff reserves all rights under Rule 37(a) to move to compel disclosure and to seek procedural sanctions, including but not limited to adverse inference and evidentiary exclusion.

Date: 04/29/2025

_____
signature

NAME: Lianlian Porth

IN PRO PER