Kimberly A. Pallen (SBN 288605)
kimberly.pallen@withersworldwide.com
**Withers Bergman LLP**
909 Montgomery Street, Suite 300
San Francisco, California 94133
Telephone:    415.872.3200
Facsimile:    415.549 2480

Vahe Mesropyan (SBN 307244)
vahe.mesropyan@withersworldwide.com
**Withers Bergman LLP**
10250 Constellation Blvd., Suite 1400
Los Angeles, California 90067
Telephone:    310.277.9930
Facsimile:    310.277.9935

Attorneys for Defendants Payward, Inc. and
Payward Ventures, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIANLIAN PORTH,<br><br>       Plaintiff,<br><br>   v.<br><br>PAYWARD, INC. and PAYWARD<br>VENTURES, INC.,<br><br>       Defendants. | Case No. 3:25-cv-01885-VC<br><br>**DEFENDANTS' MOTION TO DISMISS COMPLAINT AND STRIKE**<br><br>Date:     July 17, 2025<br>Time:    10:00 a.m.<br>Crtrm.:  4, 17th Floor<br><br>Judge:   Hon. Vince Chhabria |

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on July 17, 2025 at 10:00 a.m., or a soon thereafter as the matter may be heard, in the courtroom of the Honorable Vince Chhabria, located at United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Avenue, San Francisco, California 94102, Defendants Payward, Inc. and Payward Ventures, Inc., d/b/a Kraken Digital Asset Exchange ("Kraken") will and hereby do move to dismiss Plaintiff Lianlian Porth's Complaint (ECF No. 1) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and move to strike supplemental evidence (ECF Nos. 4 and 7) filed in purported support of the Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Court's files in this action, the arguments of counsel, and any other matter that the Court may consider.

## ISSUES TO BE DECIDED

Should the Complaint be dismissed for lack of subject matter jurisdiction where: (1) there is no diversity jurisdiction because the Complaint alleges Plaintiff and Kraken are citizens of the same state and does not allege a controversy over $75,000; and (2) there is no federal-question jurisdiction because there is no private right of action for the federal claim that Plaintiff alleges?

Should the Complaint be dismissed for failure to state a claim (1) pursuant to the California litigation privilege where the factual bases for each of Plaintiff's purported claims are alleged wrongful acts taken by Kraken in connection with a separate, state court litigation and/or (2) where Plaintiff fails to plead facts to state a single claim to relief that is plausible on its face?

Should the Court strike the entirety of ECF Nos. 4 and 7 ("Supplemental Filings") because: (1) the Supplemental Filings were filed without authorization of Court order or rule; and/or (2) the Supplemental Filings are redundant and superfluous and thus immaterial? Alternatively, should the Court strike Supplemental Filings ECF Nos. 4-04 to 4-17 and 7-04 to 7-17, which contain disclosures of materials designated confidential, as scandalous because their public disclosure prejudices Kraken?

i

DEFENDANTS' MOTION TO DISMISS AND STRIKE          Case No. 3:25-cv-01885-VC

# TABLE OF CONTENTS

**Page**

I.      PRELIMINARY STATEMENT ........................................................................................ 1

II.     FACTUAL BACKGROUND AND SUMMARY OF ALLEGATIONS ........................... 2

III.    ARGUMENT ................................................................................................................... 4

        A.    The Complaint Should Be Dismissed for Lack of Subject Matter
              Jurisdiction ............................................................................................................ 4

              1.    Neither Diversity Nor Federal-Question Jurisdiction Exist ........................ 4

              2.    Plaintiff Fails to Allege Article III Standing ............................................... 5

        B.    The Complaint Should Be Dismissed Because It Fails to State a Claim ............... 6

              1.    The Complaint Is Barred by the California Litigation Privilege ................. 7

              2.    Plaintiff Fails to Plausibly Plead the Elements of Her Claims .................. 9

                    a.    The Fraudulent Concealment and Misrepresentation Claims
                          Fail .................................................................................................. 9

                    b.    The "Malicious Obstruction" Claim Fails ..................................... 10

                    c.    The "Property Torts" Claim Fails .................................................. 11

                    d.    The "Bank Secrecy Act" Claim Fails ............................................ 12

                    e.    The "Violation of Financial Disclosure Obligations" Claim
                          Fails ................................................................................................ 12

                    f.    The "Abuse of Legal Process" Claim Fails ................................... 12

        C.    The "Exhibits" Filed in Purported Support of the Complaint Should Be
              Stricken ............................................................................................................... 13

IV.     CONCLUSION ............................................................................................................. 15

DEFENDANTS' MOTION TO DISMISS AND STRIKE          Case No. 3:25-cv-01885-VC

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009)................................................................................................6, 7

*Baton v. Ledger SAS*,
　740 F. Supp. 3d 847 (N.D. Cal. 2024) .........................................................................6

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007)................................................................................................6, 7

*Broge v. ALN Int'l, Inc.*,
　2018 WL 2197524 (N.D. Cal. May 14, 2018)...............................................................9

*Chang v. Rockridge Manor Condo.*,
　2008 WL 413741 (N.D. Cal. Feb. 13, 2008), *aff'd*, 344 F. App'x 365 (9th Cir.
　2009) ............................................................................................................................7

*Denver Urb. Homesteading, LLC v. Dervaes Inst.*,
　2015 WL 12819140 (C.D. Cal. July 15, 2015)...........................................................11

*In re Elec. Arts*,
　298 F. App'x. 568 (9th Cir. 2008) ............................................................................15

*Fine v. Kansas City Life Ins. Co.*,
　627 F. Supp. 3d 1153 (C.D. Cal. 2022) .....................................................................12

*In re Google Location Hist. Litig.*,
　514 F. Supp. 3d 1147 (N.D. Cal. Jan. 25, 2021)........................................................15

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*,
　545 U.S. 308 (2005).....................................................................................................4

*Gunn v. Minton*,
　568 U.S. 251 (2013).....................................................................................................4

*Harry v. KCG Ams. LLC*,
　2018 WL 4075885 (N.D. Cal. Aug. 27, 2018), *aff'd*, 805 F. App'x 534 (9th
　Cir. 2020) ....................................................................................................................6

*Hertz Corp. v. Friend*,
　559 U.S. 77 (2010).......................................................................................................4

*Hudacko v. Lee*,
　2024 WL 4894292 (N.D. Cal. Nov. 25, 2024) ..........................................................10

*IT Casino Sols., LLC v. Transient Path, LLC*,
  2022 WL 4913526 (N.D. Cal. Oct. 3, 2022)............................................................13

*Jones v. Metro. Life Ins. Co*.,
  2010 WL 4055928 (N.D. Cal. Oct. 15, 2010).....................................................2, 14

*Kelly v. CubeSmart*,
  2023 WL 4108187 (N.D. Cal. June 21, 2023) ..........................................................9

*Laatz v. Zazzle, Inc*.,
  2025 WL 405702 (N.D. Cal. Feb. 5, 2025) .............................................................15

*Lewis v. United States*,
  517 F.2d 236 (9th Cir. 1975) ....................................................................................7

*Lloyd v. Sjöblom*,
  2014 WL 1573061 (N.D. Cal. Apr. 17, 2014) .........................................................12

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992)..............................................................................................5, 6

*Miletak v. Gen. Info. Servs., Inc*.,
  2018 WL 2215586 (N.D. Cal. May 2, 2018) .............................................................6

*Music Grp. Macao Com. Offshore Ltd. v. Foote*,
  2015 WL 3993147 (N.D. Cal. June 30, 2015) .........................................................15

*Pat. Category Corp. v. Worldwide Creations*,
  2007 WL 2667428 (C.D. Cal. May 7, 2007) .....................................................11, 13

*Payward, Inc. v. Nathan Peter Runyon*,
  Case No. 3:20-cv-02130 (N.D. Cal. Mar. 27, 2020)...........................................2, 15

*Quidel Corp. v. Siemens Med. Sols. USA, Inc*.,
  612 F. Supp. 3d 1131 (S.D. Cal. 2020).....................................................................7

*In re Roundup Prods. Liab. Litig.*,
  2017 WL 3129098 (N.D. Cal. July 5, 2017)..............................................................5

*Runaj v. Wells Fargo Bank*,
  667 F. Supp. 2d 1199 (S.D. Cal. 2009).....................................................................12

*Schwab v. H & R Block, Inc*.,
  735 F. Supp. 954 (N.D. Cal. 1988), *aff'd*, 902 F.2d 40 (9th Cir. 1990) ...................11

*Sliger v. Prospect Mortg., LLC*,
  789 F. Supp. 2d 1212 (E.D. Cal. 2011)..............................................................14, 15

iv

*SOMA House LLC v. Pohley*,
   2018 WL 6822634 (N.D. Cal. Apr. 5, 2018), *report and recommendation adopted*, 2018 WL 6822625 (N.D. Cal. Apr. 20, 2018) ........................................... 4

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ................................................................................... 10

*Trustees of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*,
   333 F.3d 923 (9th Cir. 2003) ..................................................................................... 5

*UCP Int'l Co. Ltd. v. Balsam Brands Inc.*,
   420 F. Supp. 3d 966 (N.D. Cal. 2019) ....................................................................... 7

*United States v. Bryan*,
   2023 WL 2167115 (E.D. Cal. Feb. 22, 2023) ........................................................... 14

*Utley v. Varian Assocs., Inc.*,
   811 F.2d 1279 (9th Cir. 1987) ................................................................................... 5

*Venture Gen. Agency, LLC v. Wells Fargo Bank, N.A.*,
   2019 WL 3503109 (N.D. Cal. Aug. 1, 2019) ................................................. 1, 5, 12

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ................................................................................. 10

*Visto Corp. v. Sproqit Techs., Inc.*,
   360 F. Supp. 2d 1064 (N.D. Cal. 2005) ..................................................................... 9

*Warren v. Fox Family Worldwide, Inc.*,
   328 F.3d 1136 (9th Cir. 2003) ................................................................................... 5

*Wilkerson v. Butler*,
   229 F.R.D. 166 (E.D. Cal. 2005) .......................................................................... 2, 14

**State Cases**

*Adams v. Superior Ct.*,
   2 Cal.App.4th 521 (1992) .......................................................................................... 8

*Beckwith v. Dahl*,
   205 Cal.App.4th 1039 (2012) .................................................................................. 11

*Feldman v. 1100 Park Lane Assocs.*,
   160 Cal.App.4th 1467 (2008) ............................................................................... 8, 9

*Foothill Fed. Credit Union v. Superior Ct.*,
   155 Cal.App.4th 632 (2007) .............................................................................. 7, 8, 9

*Gomez v. Smith*,
    54 Cal.App.5th 1016 (2020) ..................................................................................11

*Graham v. Bank of Am., N.A.*,
    226 Cal.App.4th 594 (2014) ....................................................................................9

*Maleti v. Wickers*,
    82 Cal.App.5th 181 (2022) ....................................................................................13

*Nelson v. Tucker Ellis, LLP*,
    48 Cal.App.5th 827 (2020) ..................................................................................1, 7

*Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.*,
    42 Cal. 3d 1157 (1986) .......................................................................................8, 13

*Rubin v. Green*,
    4 Cal.4th 1187 (1993) .............................................................................................9

*Silberg v. Anderson*,
    50 Cal.3d 205, 213 Cal.Rptr. (1990), *as modified* (Mar. 12, 1990)..........................1

*Younger v. Solomon*,
    38 Cal.App.3d 289 (1974) ....................................................................................13

**Federal Statutes**

28 U.S.C. §§ 1331..........................................................................................................4

28 U.S.C. § 1332............................................................................................................4

**Rules**

Fed. R. Civ. P. 8(a)(2)..................................................................................................14

Fed. R. Civ. P 12(b)(1)..................................................................................................1

Fed. R. Civ. P 12(b)(6)...........................................................................................1, 6, 9

Fed. R. Civ. P. 12(e) ...............................................................................................11, 13

Fed. R. Civ. P. 9(b) .................................................................................................9, 10

DEFENDANTS' MOTION TO DISMISS AND STRIKE    Case No. 3:25-cv-01885-VC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    PRELIMINARY STATEMENT

Plaintiff's Complaint rests upon the flawed premise that this Court is the proper forum to address Kraken's alleged "deficient" response to a third-party subpoena that Plaintiff issued in a separate probate proceeding, concerning the administration of her late husband's estate. Kraken is sympathetic to Plaintiff for her loss; indeed, Kraken made a full and complete production in response to Plaintiff's subpoena and helped Plaintiff gain access to her late husband's account on Kraken's platform. Regardless, the Complaint is deficient and should be dismissed because the court lacks subject matter jurisdiction and the Complaint fails to state a claim.

*First*, the Court lacks subject matter jurisdiction pursuant to Fed. R. Civ. P 12(b)(1). There is no diversity jurisdiction because Plaintiff alleges that both she and Kraken are California residents, and does not allege an amount-in-controversy over $75,000. There is also no federal-question jurisdiction. Being generous, the only arguable "federal claim" Plaintiff tries to allege is for purported violations of "the Anti-Money Laundering Act (AML) and Know Your Customer (KYC) regulations" implemented by the Bank Secrecy Act ("BSA"). However, courts are unanimous in holding that there is no private right of action under the BSA. *See, e.g., Venture Gen. Agency, LLC v. Wells Fargo Bank, N.A.*, 2019 WL 3503109, at *7 (N.D. Cal. Aug. 1, 2019) (citing cases). Additionally, Plaintiff lacks Article III standing because she fails to allege an injury-in-fact that is fairly traceable to the conduct of Kraken and that is redressable by *this* Court.

*Second*, pursuant to Fed. R. Civ. P 12(b)(6), the Complaint fails to state any claim upon which relief can be granted. The broadly interpreted California litigation privilege—the purpose of which is to "afford litigants the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort action," *Silberg v. Anderson*, 50 Cal.3d 205, 213 (1990), *as modified* (Mar. 12, 1990) (citations omitted)—bars each of Plaintiff's purported claims here because the Complaint is based entirely upon Kraken's alleged "wrongful acts" in responding to Plaintiff's subpoena in the probate case concerning the administration of Mr. Porth's estate. *See Nelson v. Tucker Ellis, LLP*, 48 Cal.App.5th 827, 846 (2020) (holding response to subpoena is a

"communication" for purposes of the litigation privilege).

Additionally, Kraken respectfully requests that this Court strike Plaintiff's Supplemental Filings (ECF Nos. 4 and 7) pursuant to Fed. R. Civ. P. 12(f). These Supplemental Filings are not authorized by any rule or order, and they should be stricken for "procedural impropriety." *Jones v. Metro. Life Ins. Co.*, 2010 WL 4055928, at *6 (N.D. Cal. Oct. 15, 2010) (citing cases). The content of the Supplemental Filings is already contained in the *158*-page Complaint, making them "[s]uperfluous," "unnecessary," and "immaterial." *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005). Alternatively, if the Court is unwilling to wholly strike the Supplemental Filings, Kraken requests that, particularly, Supplemental Filings ECF Nos. 4-04 to 4-17 and 7-04 to 7-17 be stricken as "scandalous," because they reveal non-public, highly confidential information that puts Kraken customers and employees at risk of phishing scams, or worse. (*See infra* at 14-15.) Because "[s]ecurity is among the leading factors that consumers consider when selecting a trading platform and a critical element for business growth,"[1] Plaintiff's reckless disclosure of Payward's internal business processes and information, masked account IDs, and account numbers harms Kraken's competitive standing and puts Kraken customers and employees at serious risk of harm. (*See infra* at 15.)

## II.    FACTUAL BACKGROUND AND SUMMARY OF ALLEGATIONS

Plaintiff alleges that she is a resident of California (Compl. at 9:21) and that Kraken's primary place of business is in California. (*Id.* at 9:23-24 ("[D]efendants' primary place of business is located in California.").) Plaintiff alleges she is the sole legal heir of her late husband Steven Louis Porth ("Mr. Porth") (Compl. at 2:21-23) and that, during his lifetime, he was a customer of Kraken, the "cryptocurrency exchange operated by Payward Ventures and Payward." (*Id.* at 2:22.) After the death of Mr. Porth in October 2021, Plaintiff alleges she commenced spousal probate proceedings in the Superior Court of California, County of Alameda (the "Probate Court"), in or around December 2021 (the "Probate Case"). (*Id.* at 17:3-4.) In April 2022, in connection with the

---

[1] *See e.g.*, Amended Complaint ¶ 23, *Payward, Inc. v. Nathan Peter Runyon*, Case No. 3:20-cv-02130 (N.D. Cal. Oct. 9, 2020), ECF No. 34 ("*Runyon* Complaint").

DEFENDANTS' MOTION TO DISMISS AND STRIKE         Case No. 3:25-cv-01885-VC

Probate Case, Plaintiff issued a subpoena (the "Probate Subpoena") to Kraken seeking "documents related to the assets of [Mr. Porth]." (*Id.* at 17:6-9.) Plaintiff alleges that on or about June 14, 2022, Kraken produced documents in response to the Probate Subpoena bearing Bates stamps Porth_PAYWARD_00000l-000025, which included documents related to Mr. Porth's Kraken account ("Account"). (*Id.* at 18:4-26, 20:9.) Plaintiff alleges Kraken's production was "deficient," and that she had communications with Kraken's in-house lawyers, among others, regarding these "deficiencies." (*Id.* at 20-22; *id.* at 21:12-15 ("[P]laintiff, through a detailed argument and clear evidence, pointed out deficiencies in Payward Ventures' (Kraken's) response to the subpoena.").)

Plaintiff then alleges that the Probate Court ruled that Plaintiff was entitled to Mr. Porth's assets (*id.* at 22:5-7), at which time she sent the Probate Court's order to Kraken. (*Id.* at 22:15-25.) Then, between March 2023 and August 2023, Plaintiff and Kraken further communicated regarding Kraken's production in response to the Probate Subpoena and Mr. Porth's account. (*Id.* at 22-24.) This included identifying for Plaintiff specific documents to look at in order to understand how Mr. Porth had transferred his assets using his Account (*id.* at 23:22-24) and speaking with Plaintiff on the telephone regarding the same issues (*id.* at 24:24). During these communications, Kraken pointed out to Plaintiff that:

> I understand that our legal team has provided the account statement that shows all transactions in this account, including the bank account the money was withdrawn to. The last withdrawal on this account was on June 2, 2021. Please see attached the receipt of the transaction. **It shows all details of the transactions**.

(Compl. at 23:3-7 (emphasis added).) Plaintiff then began to threaten Kraken with litigation due to its purported "deficient" production in response to the Probate Subpoena and alleged failure to explain the documents produced. (*See, e.g.*, *id.*, at 23:10-15 ("After multiple unsuccessful attempts to obtain information, the plaintiff explicitly informed Payward Ventures of her intention to take legal action. On July 31, 2024, [Kraken's in-house counsel] responded via email to the plaintiff regarding the subpoena.").) Kraken responded to Plaintiff explaining that by virtue of her becoming authorized to access Mr. Porth's account, she was subject to the Terms of Service on Kraken.com, the cryptocurrency exchange operated by Kraken, and that Plaintiff's threats

"constitute[d] harassment." (*Id.* at 24:14.)[2] Based on Kraken's alleged "deficient" responses to the Probate Subpoena, "wrongful acts" in the Probate Case, or other "prelitigation" communications concerning this present dispute, Plaintiff filed her Complaint on February 21, 2025. (ECF No. 1.)

## III.  ARGUMENT

### A.  The Complaint Should Be Dismissed for Lack of Subject Matter Jurisdiction

#### 1.  Neither Diversity Nor Federal-Question Jurisdiction Exist

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). For federal subject matter jurisdiction to exist, a case must either involve diversity of citizenship between the parties or a claim arising under federal law. 28 U.S.C. §§ 1331-32. Here, neither is present.

*First*, there is no diversity jurisdiction because there is no diversity of citizenship. 28 U.S.C. § 1332(a)(1). Plaintiff alleges that she lives in California *and* that Kraken's primary place of business is in California. (Compl. at 9:20-23.) It is black-letter law that a corporation is deemed a citizen of the State where it has its principal place of business. 28 U.S.C. § 1332; *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (quoting 28 U.S.C. § 1332(c)(1)) ("The statute's text deems a corporation a citizen of the 'State where it has its principal place of business.'"). Since Plaintiff alleges she and Kraken are *not* "citizens of different States," 28 U.S.C. § 1332(a)(1), there is no diversity of citizenship, and thus no diversity jurisdiction.[3]

*Second*, there is no federal-question jurisdiction because Plaintiff's "claim" under federal law does not exist. Federal-question jurisdiction exists if the plaintiff either pleads a cause of action created by federal law or a state law claim which "necessarily" invokes a "substantial" federal law question. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

---

[2] Kraken expressly reserves, and does not waive, its right to move to compel arbitration pursuant to Payward's Terms of Service.

[3] Plaintiff also fails to allege the amount-in-controversy is over $75,000. 28 U.S.C. § 1332(a). While Plaintiff alludes to $284,150 in the Complaint (Compl. at 9:18), she does not seek this as damages as she principally seeks documents as relief. (*Id.* at 133-134.) *See also SOMA House LLC v. Pohley*, 2018 WL 6822634, at *2 (N.D. Cal. Apr. 5, 2018) (remanding because "[plaintiff] seeks no damages"), *report and recommendation adopted*, 2018 WL 6822625 (N.D. Cal. Apr. 20, 2018).

DEFENDANTS' MOTION TO DISMISS AND STRIKE          Case No. 3:25-cv-01885-VC

Plaintiff alleges federal-question jurisdiction exists because she includes violations of "the Anti-Money Laundering Act (AML) and Know Your Customer (KYC) regulations" with her claims. (Compl. at 10:2-4.) However, courts are "unanimous" in holding there is no private right of action for violations of the AML and KYC requirements imposed on money transmitters through the BSA, as amended by the Patriot Act. *See Venture Gen. Agency, LLC*, 2019 WL 3503109, at *7 ("While [the BSA and Patriot Act] provide for civil and criminal penalties, a defendant's liability for failure to comply is to the United States government. For this reason, courts are unanimous in holding that there is no private right of action under the BSA or Patriot Act.") (citing cases).

Moreover, because there is no private right of action under the BSA, Plaintiff's references to the BSA's KYC and AML requirements do not raise a federal issue. *Utley v. Varian Assocs., Inc.*, 811 F.2d 1279, 1283 (9th Cir. 1987) ("[I]f a federal law does not provide a private right of action, then a state law action based on its violation perforce does not raise a 'substantial' federal question" sufficient to confer federal-question jurisdiction.). Even if Plaintiff's references to the BSA's KYC and AML requirements were somehow relevant to her other purported claims (they are not), "[a]n issue is not 'necessary' to resolve for the purposes of federal-question jurisdiction simply because it has relevance." *In re Roundup Prods. Liab. Litig.*, 2017 WL 3129098, at *1 (N.D. Cal. July 5, 2017) (Chhabria, J.). Thus, there is neither diversity nor federal-question jurisdiction in this case.[4]

### 2.    Plaintiff Fails to Allege Article III Standing

Even if there were diversity or federal-question jurisdiction (there is not), Plaintiff lacks Article III standing. *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1140 (9th Cir. 2003) (standing is an issue of subject matter jurisdiction). "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiff must allege (1) an "injury in fact," (2) a

---

[4] Because there is no federal question jurisdiction, supplemental jurisdiction cannot serve as the basis for Plaintiff's purported state law claims. *See Trustees of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc*., 333 F.3d 923, 925 (9th Cir. 2003).

DEFENDANTS' MOTION TO DISMISS AND STRIKE          Case No. 3:25-cv-01885-VC

"causal connection between the injury and the conduct complained of," and (3) that it is "likely . . . that the injury will be redressed by a favorable decision." *Id.* (citations and quotations omitted).

*First*, Plaintiff's claim of purported harm arising from allegation that she has been unable to inherit the funds in Mr. Porth's Account is not plausible because that claim is contradicted by her own allegations that Kraken gave her access to the Account. (*See* Compl. at 22-25.) *See, e.g.*, *Harry v. KCG Ams. LLC*, 2018 WL 4075885, at *7 (N.D. Cal. Aug. 27, 2018) ("These contradictory allegations do not plausibly allege an injury in fact for purposes of establishing Plaintiff's standing."), *aff'd*, 805 F. App'x 534 (9th Cir. 2020). To the extent Plaintiff alleges she is entitled to inherit assets that are no longer on Kraken's platform, Kraken has no ability to provide her access to wallets outside its control. *See id.*

*Second*, Plaintiff's claim for emotional harm is not only conclusory, it is implausible. Plaintiff's factual bases for this claim are that Kraken did not produce sufficient documents and asserted its rights in response to Plaintiff's emails in the Probate Case. (Compl. at 39:12-17.) There is no inference to be drawn from these facts that "there is a 'substantial likelihood' that [Kraken's] conduct caused the harm." *Baton v. Ledger SAS*, 740 F. Supp. 3d 847, 879 (N.D. Cal. 2024) (citations omitted). For this reason, Plaintiff's purported claim for emotional damage is conjecture and not fairly traceable to Kraken's alleged conduct. *See, e.g.*, *Miletak v. Gen. Info. Servs., Inc.*, 2018 WL 2215586, at *3 (N.D. Cal. May 2, 2018) ("[T]he complaint as currently drafted, does not contain sufficient allegations of an injury-in-fact that is more than conjectural and that is fairly traceable to [Kraken's] alleged conduct.").

## B.    The Complaint Should Be Dismissed Because It Fails to State a Claim

A complaint must be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted

unlawfully." *Id.* A plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. When a claim is barred by an applicable doctrine or privilege, it is subject to dismissal for failure to state a claim. *See, e.g.*, *UCP Int'l Co. Ltd. v. Balsam Brands Inc*., 420 F. Supp. 3d 966, 984 (N.D. Cal. 2019).

### 1.    The Complaint Is Barred by the California Litigation Privilege

"The purpose of California's litigation privilege 'is to afford litigants the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions.'" *Quidel Corp. v. Siemens Med. Sols. USA, Inc*., 612 F. Supp. 3d 1131, 1140 (S.D. Cal. 2020) (citation omitted). The litigation privilege is interpreted "broadly" and immunizes defendants from liability "for any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that [has] some connection or logical relation to the action." *Nelson*, 48 Cal.  App.5th at 846 (2020) (citation omitted). "Any doubt about whether the privilege applies is resolved in favor of applying it." *Quidel Corp.*, 612 F. Supp. 3d at 1142 (citation omitted).

Here, each of Plaintiff's claims are barred by the California litigation privilege.[5] Plaintiff's ostensible theory of the case is built *solely* upon Kraken's response to the Probate Subpoena and other written and verbal communications with Plaintiff in connection with the Probate Case. (*See generally* Compl.) Kraken's verbal and written communications with Plaintiff in the context of the Probate Case, as well as Kraken's production of documents in response to the Probate Subpoena, constitute "communications" subject to the privilege. *See Nelson*, 48 Cal.App.5th at 846 (holding response to subpoena is a "communication" for purposes of the litigation privilege); *Foothill Fed. Credit Union v. Superior Ct.*, 155 Cal.App.4th 632, 635-36 (2007) ("[D]isclosure of [documents]," by third-party deponent was "communication"); *Chang v. Rockridge Manor Condo*., 2008 WL 413741, at *15 (N.D. Cal. Feb. 13, 2008) ("[P]laintiffs' claims against defendants based on

---

[5] Federal claims are governed by federal privilege law. *See Lewis v. United States*, 517 F.2d 236, 237 (9th Cir. 1975). Thus, *if* Plaintiff's Count 5 (purported violations of the BSA) was an actionable federal claim (which it is not), federal privilege law would apply.

DEFENDANTS' MOTION TO DISMISS AND STRIKE          Case No. 3:25-cv-01885-VC

defendants' disclosure of documents in response to a subpoena in another case were barred by the litigation privilege"), *aff'd*, 344 F. App'x 365 (9th Cir. 2009).

These "communications" are covered by the California litigation privilege (and thus are not actionable) because each factor is met here. *First*, the communications were "made in judicial or quasi-judicial proceedings" because Kraken made its production in response to the Probate Subpoena and communicated with Plaintiff in the context of the Probate Case. (Compl. at 18-25.) *Second*, even though Kraken is not a party to the Probate Case, Kraken is "connected or related" to the Probate Case because it was required by law to respond to the Probate Subpoena. *Adams v. Superior Ct.*, 2 Cal.App.4th 521, 529 (1992) (privilege is "not restricted to the actual parties to the lawsuit but need merely be connected or related to the proceedings"). *Third*, Kraken's communications were meant to "achieve the objects of the [Probate Case]," because "although [Kraken] was not a party to the lawsuit, it was complying with a subpoena issued by the counsel of record for a party to that suit," who "sought the records to 'prove [plaintiff's] position.'" *Foothill Fed. Credit Union*, 155 Cal.App.4th at 635-36. *Fourth*, for the same reasons, Kraken's communications are all logically related to the Probate Case. *Feldman v. 1100 Park Lane Assocs.*, 160 Cal. App. 4th 1467, 1490 (2008) ("The litigation privilege is simply a test of connectedness or logical relationship to litigation.") (citations and quotations omitted). Plaintiff alleges Kraken's purported wrongful conduct includes providing a "Lack of Account Details" (in responding to the Probate Subpoena), "Refusal to Disclose Information" (in responding to the Probate Subpoena), "Unclear Fund Movements" (based on the documents produced in the Probate Subpoena), and "Manual Alterations and Possible Forgery" (based on the documents produced in the Probate Subpoena). (*See* Compl. at 73-74.) Plaintiff also alleges, in support of her "Abuse of Legal Process" claim, that Kraken refused to provide additional information after making a full and complete production and "made threats" thereafter. (*Id.* at 125:15-17.) This too is barred by the litigation privilege. (*Id.* at 125:15-17.) *See Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc*., 42 Cal. 3d 1157, 1165 (1986) ("[A] considerable number of cases have . . . found abuse of process actions" barred by the litigation privilege). All of these communications directly

relate to the Probate Case and cannot serve as the basis for derivative tort liability. *Foothill Fed. Credit Union*, 155 Cal.App.4th at 636 (finding logical relationship because, "although the subpoena" was broad, "it is clear that the records bore some relation to the action").

Alternatively, to the extent any of Plaintiff's allegations are construed as falling outside the scope of the Probate Case, those allegations are nevertheless also barred. They constitute prelitigation communications within the scope of *this* present purported dispute, and "the privilege applies to prelitigation communications as well." *Visto Corp. v. Sproqit Techs., Inc.*, 360 F. Supp. 2d 1064, 1068 (N.D. Cal. 2005) (citation and quotation omitted); *see, e.g.*, *Kelly v. CubeSmart*, 2023 WL 4108187, at *3 (N.D. Cal. June 21, 2023) (holding litigation privilege applied to "allegations against the Lewis Brisbois Defendants [because they] relate only to communications made as part of this litigation, including efforts to resolve the case, client advice, and statements in filings."); *Rubin v. Green*, 4 Cal.4th 1187, 1194 (1993) ("[I]t is late in the day to contend that communications with 'some relation' to an *anticipated* lawsuit are not within the privilege.").

Because Plaintiff does not make a single allegation against Kraken that is not "connected[]" to or has a "logical relationship" with the Probate Case, or this purported dispute, *Feldman*, 160 Cal.App.4th at 1490, the Complaint fails to state a claim.

### 2.    Plaintiff Fails to Plausibly Plead the Elements of Her Claims

Even if the privilege did not apply (it does), Plaintiff fails to plausibly plead the elements of her claims and the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6).

### a.    <u>The Fraudulent Concealment and Misrepresentation Claims Fail</u>

Plaintiff's purported fraud claims require her to plead, among others, that Kraken concealed or suppressed a material fact with the duty to disclose that fact, or that Kraken misrepresented that a material fact was true, when in fact Kraken knew it was false when made. *Graham v. Bank of Am., N.A.*, 226 Cal.App.4th 594, 605-6 (2014) (providing fraudulent concealment and misrepresentation elements under California law). These claims are subject to Federal Rules of Civil Procedure, Rule 9(b)'s heightened pleading requirements. *Broge v. ALN*

DEFENDANTS' MOTION TO DISMISS AND STRIKE          Case No. 3:25-cv-01885-VC

*Int'l, Inc.*, 2018 WL 2197524, at *4 (N.D. Cal. May 14, 2018) ("Rule 9(b) clearly applies to [fraudulent concealment and fraudulent misrepresentation claims].") (citing cases).

At the outset, every element of Plaintiff's fraudulent concealment and misrepresentation claims fail to meet Rule 9(b)'s heightened pleading requirements. The Complaint fails to provide "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quotations omitted); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106-7 (9th Cir. 2003). While Plaintiff alleges the documents Kraken produced contain "missing information, alterations, falsifications, and evidence of manual compilation," (Compl. at 26:20-21) she does not allege any <u>specific</u> fact that was concealed or any cognizable duty of Kraken to disclose any material fact to Plaintiff. *See Vess*, 317 F.3d at 1106 ("scant specifics" are insufficient); *Hudacko v. Lee*, 2024 WL 4894292, at *14 (N.D. Cal. Nov. 25, 2024) (dismissing concealment claim for failure to allege a duty to disclose to plaintiff). Plaintiff does not allege any specific representation Kraken knew was false but represented as true, any representations which Kraken intended for Plaintiff to rely on, or any representations that Plaintiff actually relied on. *Vess*, 317 F.3d at 1107 ("[Plaintiff] does not identify any specific misrepresentations or specify when and where they occurred. These allegations are not particular enough to satisfy Rule 9(b)."). Instead, Plaintiff makes conclusory allegations that the documents Kraken produced are "confusing," and show "signs of human intervention." (Compl. at 44:7-25, 55:21-26.) These allegations are insufficient to show that any material fact was indeed actually concealed or suppressed. In reality, Kraken provided Plaintiff with access to all records related to Mr. Porth's Account. (Compl. at 23:3-7.)

### b. The "Malicious Obstruction" Claim Fails

To recover for a claim of intentional interference with expected inheritance,[6] Plaintiff must plead (1) "expectancy of an inheritance," (2) "proof amounting to a reasonable degree of certainty

---

[6] Kraken construes Plaintiff's "Malicious Obstruction of the Exercise of Inheritance Rights" claim as a claim for intentional interference with expected inheritance, which is the tort where one "intentionally prevents another from receiving from a third person an inheritance." *Gomez v. Smith*, 54 Cal.App.5th 1016, 1031 (2020) (citations omitted).

DEFENDANTS' MOTION TO DISMISS AND STRIKE         Case No. 3:25-cv-01885-VC

that the bequest or devise would have been in effect at the time of the death of the testator . . . if there had been no such interference," (3) "intent, i.e., that the defendant had knowledge of the plaintiff's expectancy of inheritance and took deliberate action to interfere," (4) "that the interference was conducted by independently tortious means," and (5) "damage" from defendant's interference." *Beckwith v. Dahl*, 205 Cal.App.4th 1039, 1057 (2012) (citations omitted).

At the threshold, this claim is barred by its two-year statute of limitations. *Denver Urb. Homesteading, LLC v. Dervaes Inst.*, 2015 WL 12819140, at *3 (C.D. Cal. July 15, 2015). This claim accrued (at the latest) when the Probate Court issued its December 23, 2022 order, allegedly entitling Plaintiff to Mr. Porth's assets (*see* Compl. at 22:5), which was more than 2 years before the Complaint was filed on February 21, 2025. (ECF No. 1.) Moreover, Plaintiff fails to plead any of the elements of this claim, particularly that Kraken intentionally interfered with her inheritance by independently tortious means or that she was harmed or damaged in any way traceable to Kraken's response to the Probate Subpoena. *Beckwith*, Cal.App.4th at 1057. In fact, Plaintiff admits Kraken gave her access to the Account—the *opposite* of interfering (let alone *intending* to interfere) with Plaintiff's alleged expectancy. (Compl. at 22-23.) This claim should be dismissed.[7]

### c. The "Property Torts" Claim Fails

Kraken construes Plaintiff's "Property Torts" claim as a claim for conversion. "Under California law, the elements of a conversion cause of action are: (1) plaintiff's ownership or right to possession of the property at the time of the conversion; (2) defendant's conversion by a wrongful act or disruption of plaintiff's property rights; and (3) damages." *Schwab v. H & R Block, Inc.*, 735 F. Supp. 954, 956 (N.D. Cal. 1988) (citation omitted), *aff'd*, 902 F.2d 40 (9th Cir. 1990).

Plaintiff fails to allege any element of a conversion claim. Plaintiff fails to identify the alleged "converted property with sufficient particularity," *Lloyd v. Sjöblom*, 2014 WL 1573061, at

---

[7] Alternatively, if this Court does not read Plaintiff's Interference Claim in the same manner, Kraken respectfully asks the Court to dismiss this claim pursuant to Fed. R. Civ. P. 12(e) because it is too indefinite. *See Pat. Category Corp. v. Worldwide Creations*, 2007 WL 2667428, at *1 (C.D. Cal. May 7, 2007) ("A Rule 12(e) motion is proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted.").

*4 (N.D. Cal. Apr. 17, 2014) and fails to plead she had a right to <u>immediate</u> possession of this unidentified property at the alleged "time of conversion." *Fine v. Kansas City Life Ins. Co.*, 627 F. Supp. 3d 1153, 1163-4 (C.D. Cal. 2022) ("Plaintiff does not allege a right to immediate possession, which is required for his conversion claim."). But more fundamentally, Plaintiff fails to allege any wrongful act on the part of Kraken or any "disruption" of this purported right. At base, Plaintiff concedes that Kraken did not—nor could it—wrongfully interfere with any property as Kraken complied with the Probate Subpoena and provided Plaintiff access to the Account, and all of the information surrounding the trades in the Account. (*See, e.g.*, Compl. at 21.)

### d.   The "Bank Secrecy Act" Claim Fails

Plaintiff's "claim" for violations of the BSA's AML and KYC requirements fails because there is no private right of action for purported violations of these regulations. *See Venture Gen. Agency, LLC*, 2019 WL 3503109, at *7 (citing cases). Thus, it should be dismissed.

### e.   The "Violation of Financial Disclosure Obligations" Claim Fails

Plaintiff's purported bases for her "Violation of Financial Disclosure Obligations" claim include alleged "violations" of the BSA, Rule 45 of the Federal Rules of Civil Procedure, and Section 2020.220 of the California Code of Civil Procedure.[8] Aside from the BSA, which is not applicable, alleged violations of discovery rules provide no basis for a claim. These allegations underscore that the entire Complaint is barred by the litigation privilege and should be dismissed.[9]

### f.   The "Abuse of Legal Process" Claim Fails

"'The common law tort of abuse of process arises when one uses the court's process for a purpose other than that for which the process was designed.'" *IT Casino Sols., LLC v. Transient Path, LLC*, 2022 WL 4913526, at *11 (N.D. Cal. Oct. 3, 2022) (citation omitted). "To successfully

---

[8] The allegations located underneath this claim also list various state and federal statutes (Compl. at 107-08, 110-11). However, these are not listed as claims. Even if they were, the Complaint fails to state any facts in support thereof. *See Runaj v. Wells Fargo Bank*, 667 F. Supp. 2d 1199, 1209 (S.D. Cal. 2009) (dismissing claims because "it is unclear whether Plaintiff is seeking relief.").

[9] Alternatively, Kraken respectfully asks the Court to dismiss this claim pursuant to Fed. R. Civ. P. 12(e) because it is not definite. *See Pat. Category Corp.*, 2007 WL 2667428, at *1.

DEFENDANTS' MOTION TO DISMISS AND STRIKE          Case No. 3:25-cv-01885-VC

assert such a claim, the plaintiff must show that the defendant: '(1) contemplated an ulterior motive in using the process, and (2) committed a willful act in the use of the process not proper in the regular conduct of the proceedings.'" *Id.* (citation omitted). The term "process" "has been broadly interpreted to encompass the entire range of procedures incident to litigation." *Younger v. Solomon*, 38 Cal.App.3d 289, 296 (1974). "[M]ere vexation or harassment are not recognized as objectives sufficient to give rise to the tort." *Id.* at 297 (citations omitted).

Abuse of legal process claims are routinely barred by the litigation privilege—as is the case here. *Oren Royal Oaks Venture*, 42 Cal. 3d 1157, 1165 (1986) ("[A] considerable number of cases have followed that decision and have found abuse of process actions untenable on the basis of the statutory privilege."). Even if this claim were not barred by the privilege, the conduct of which Plaintiff complains (*e.g.*, Kraken's assertion that it may pursue counterclaims if Plaintiff commenced this suit (Compl. at 125:15-26)) is, in its <u>*most favorable*</u> light, "mere vexation" and not actionable because there is no allegation that Kraken made these statements for an ulterior purpose. *See Maleti v. Wickers*, 82 Cal.App.5th 181, 230 (2022) (allegations "do not support a claim for abuse of process," because plaintiff did not allege that defendants "misuse[d] [the] tools the law affords litigants"). This claim should be dismissed.

## C. <u>The "Exhibits" Filed in Purported Support of the Complaint Should Be Stricken</u>

The Court should strike the Supplemental Filings submitted by Plaintiff because they are "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). "A redundant matter consists of allegations that constitute a needless repetition of other averments." *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005). "Superfluous historical allegations" or statements of "unnecessary particulars in connection with and descriptive of a material matter may be stricken as 'immaterial.'" *Id*. (citations omitted). "Allegations may be stricken as scandalous if the matter . . . may cause the objecting party prejudice." *Id.* (citations omitted); *Sliger v. Prospect Mortg., LLC*, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011) ("[A] motion to strike may be proper if it will . . . eliminate serious risks of prejudice to the moving party."). The Court retains inherent power to "strike material from the docket, including portions of a document, reflecting procedural

impropriety or lack of compliance with court rules or orders." *Jones v. Metro. Life Ins. Co.*, 2010 WL 4055928, at *6 (N.D. Cal. Oct. 15, 2010) (citing cases).

At the outset, because the Supplemental Filings were improperly filed, the Court should strike them pursuant to its inherent power for "procedural impropriety." *Id.* Regardless, assuming that the Supplemental Filings were properly filed as part of Plaintiff's Complaint, a pleading must contain *only* a "short and plain statement showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Complaint already sits at 158-pages, and the addition of the Supplemental Filings, as well as the extraneous descriptions (akin to allegations) that precede each "Exhibit," are redundant and superfluous. *Wilkerson*, 229 F.R.D. at 170. Moreover, the content of the Supplemental Filings is already pleaded by Plaintiff in the Complaint, thus the Supplemental Filings are "immaterial" and "redundant" under Fed. R. Civ. P. 12(f) because they are "unnecessary particulars" and "needless repetition[s] of other averments." *Id.* The Supplemental Filings should be stricken.

Alternatively, the Court should strike only Supplemental Filings ECF Nos. 4-04 to 4-17 and 7-04 to 7-17 because they are <u>*highly*</u> prejudicial to Kraken. *Sliger*, 789 F. Supp. 2d at 1216. Digital and physical security are fundamental to Kraken's operation of a secure exchange—without which Kraken's customer funds and its employees' safety would be jeopardized. *Runyon* Complaint ¶ 1 ("Payward critically relies on trade secrets and confidential business information to maintain the security of its operations. Because of the nature of its business, Payward is subject to constant physical and electronic hacking attempts, and the security of Payward's physical business locations, employees, and business and customer data is of the utmost importance."). Hackers attempt to infiltrate Kraken's systems constantly, and allowing hackers to have information about Kraken's internal processes and customer account information—as Ms. Porth does with these filings—could allow hackers to pose as Kraken employees and lead to devastating results, including customers being scammed out of their funds through phishing schemes or employees being attacked in an effort to steal cryptocurrency.[10] For this reason, Kraken safeguards and keeps confidential its

---

[10] Cryptocurrency exchanges are constantly preyed upon by hackers, with a recent <u>*$1.5 billion-dollar*</u> hack occurring in February 2025. *See* The ByBit Heist and the Future of U.S. Crypto

customer data, the names of its non-public facing employees, and its physical addresses. In fact, these ever-present security threats led this Court (Chesney, J.) to find that Kraken sufficiently alleged that its then-physical business address qualified as a trade secret. Order at 4-5, *Payward, Inc. v. Nathan Peter Runyon*, Case No. 3:20-cv-02130 (N.D. Cal. Jan. 1, 2021), ECF No. 47 ("*Runyon* Order").

Plaintiff's reckless filing of these documents reveals Kraken's customers' account IDs, third-party tools, sensitive transaction logs, and account keys, which puts Kraken and its customers at risk of hacks, phishing scams, or worse. *See Runyon* Complaint ¶¶ 26, 57, 70; *id.* ¶¶ 33 and n.1 (describing the physical and digital security risks faced by Kraken, including "kidnappings."). This Court (Chesney, J.) has held that "[s]ecurity is undoubtedly of major concern to Payward," *Runyon* Order at 5:2-3, and by revealing these "internal systems and account support tools," Plaintiff has seriously exacerbated these risks. *Runyon* Complaint ¶ 28 (disclosure of "internal systems and account support tools" led to Twitter hack). Plaintiff's disclosure also prejudices Kraken from a competitive perspective, because "[s]ecurity is among the leading factors that consumers consider when selecting a trading platform," *Runyon* Complaint ¶ 23, and this disclosure may "giv[e] competitors[,] access to non-public information." *Laatz v. Zazzle, Inc.,* 2025 WL 405702, at *3 (N.D. Cal. Feb. 5, 2025). [11] At bottom, the risks posed by the improper disclosure of this information is good cause to strike this information, especially where this Court is without jurisdiction (*see supra* § III.A).

## IV.    CONCLUSION

In sum, the Court should dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim, and strike the Supplemental Filings in their entirety.

---

Regulation, CENTER FOR STRATEGY INTERNATIONAL STUDIES (Mar. 18. 2025), available at: https://www.csis.org/analysis/bybit-heist-and-future-us-crypto-regulation.

[11] In the motion to seal context, the information Kraken seeks to strike here is routinely sealed. *See In re Elec. Arts*, 298 F. App'x. 568, 569 (9th Cir. 2008) ("[B]usiness information that might harm a litigant's competitive strategy."); *Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015) (similar).

DEFENDANTS' MOTION TO DISMISS AND STRIKE                Case No. 3:25-cv-01885-VC

DATED:  May 6, 2025                     WITHERS BERGMAN LLP


                                   By:     _/s/ Kimberly A. Pallen_____
                                          Kimberly A. Pallen
                                          Vahe Mesropyan
                                          Attorneys for Defendants
                                          Payward, Inc. and Payward Ventures, Inc.

DEFENDANTS' MOTION TO DISMISS AND STRIKE          Case No. 3:25-cv-01885-VC