Kimberly A. Pallen (SBN 288605)
kimberly.pallen@withersworldwide.com
**Withers Bergman LLP**
909 Montgomery Street, Suite 300
San Francisco, California 94133
Telephone:    415.872.3200
Facsimile:    415.549 2480

Vahe Mesropyan (SBN 307244)
vahe.mesropyan@withersworldwide.com
**Withers Bergman LLP**
10250 Constellation Blvd., Suite 1400
Los Angeles, California 90067
Telephone:    310.277.9930
Facsimile:    310.277.9935

Attorneys for Defendants Payward, Inc. and
Payward Ventures, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIANLIAN PORTH,<br><br>     Plaintiff,<br><br>     v.<br><br>PAYWARD, INC. and PAYWARD VENTURES, INC.,<br><br>     Defendants. | Case No. 3:25-cv-01885-VC<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY**<br><br>Date:     July 17, 2025<br>Time:    10:00 a.m.<br>Crtrm.:   4, 17th Floor<br><br>Judge:   Hon. Vince Chhabria |

## I. DEFENDANTS' MOTION TO STAY SHOULD BE GRANTED

Plaintiff's Opposition (ECF No. 22 (or "Opposition" or "Opp.")) is nonresponsive to the arguments set forth in Defendants' Motion.[1] Instead of offering substantive argument, the Opposition is full of meritless rhetoric, some plainly confusing or otherwise irrelevant remarks, and accusations against undersigned counsel which are completely unwarranted.[2]

The question before the Court is whether good cause exists to stay discovery pending Defendants' Motion to Dismiss. In the Ninth Circuit, good cause exists to stay discovery pending a motion to dismiss if: (1) the motion is potentially dispositive of the entire case; and (2) no additional discovery is needed to decide the pending motion. *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, at *2 (N.D. Cal. Apr. 10, 2020) (citing cases). As explained in the Motion, both factors weigh in favor of staying discovery. (Mot. at 3-4.) The Opposition fails to address good cause for a stay with any substance, and is dedicated almost entirely to baseless accusations of misconduct by Defendants and its counsel and ad hominem attacks.

*First*, Plaintiff appears to argue that a stay of discovery is not warranted because "[t]he core disputes raised by Plaintiff [in the Complaint] require discovery for factual resolution." (Opp. at 14:8-12.) This argument is fundamentally misguided. The fact that merits discovery may be needed later in the case is irrelevant to the "Court's present analysis." *Cheri Leonard v. CVS Pharmacy, Inc.*, 2025 WL 1266929, at *2 (N.D. Cal. May 1, 2025) (granting motion to stay and explaining "the utility of the discovery later in litigation is not relevant to the Court's present analysis, and Plaintiff has not identified any controverted facts bearing on the question of jurisdiction at this time.") (citation omitted) (*see* Mot. at 6).

*Second*, Plaintiff appears to argue that staying discovery will circumvent Defendants' duties under the Bank Secrecy Act ("BSA"). (Opp. at 11:21-28, 12:7, 14:19-20.) This argument

---

[1] Capitalized terms not otherwise defined are defined as in the Motion to Stay Discovery (ECF No. 18 (the "Mot." or "Motion").)

[2] Among other ad hominem statements in the Opposition, undersigned counsel will not respond to Plaintiff's inappropriate remarks regarding Rule 11 and the Rules of Professional Conduct. In any case, that issue is not properly before the Court.

1

has nothing to do with the Motion to Stay. If anything, this argument supports a stay of discovery because the Court does not have jurisdiction over this dispute. There is no private right of action for purported violations of the BSA. (Motion to Dismiss at 5 ("[C]ourts are unanimous in holding that there is no private right of action under the BSA") (citation omitted).) Thus, Plaintiff cannot rely on the BSA to establish subject matter jurisdiction, or to demand discovery. Because there is a strong likelihood that Defendants will prevail on the Motion to Dismiss for lack of subject matter jurisdiction, the Court should grant a discovery stay. *See, e.g.*, *Hewlett Packard Enter. Co. v. Inspur Grp. Co., Ltd.*, 2024 WL 4631665, at *2 (N.D. Cal. Oct. 29, 2024) (staying discovery where "sufficiently substantive" motions to dismiss related to jurisdictional issues had been filed) (*see* Mot. at 4-5 (citing cases)).

*Third*, Plaintiff refers to iterations of the phrase: "estate disclosure obligations" throughout the Opposition (Opp. at 4:14-15) and argues a discovery stay is improper because she "was granted lawful authority over the decedent's estate by the California probate court in December 2022" and "Defendants have refused to disclose even basic account information or asset locations." (Opp. at 12:3-5.) These arguments confirm that her dispute belongs in the Probate Case, not this Court. They also highlight that Plaintiff's allegations are barred entirely by the litigation privilege. Plaintiff's continued reference to the Probate Case and Kraken's purported deficient response to the Probate Subpoena in the Probate Case confirm this case should be dismissed with prejudice, and thus discovery should be stayed. (*See* Mot. at 5.)

In sum, Plaintiff fails to set forth a single substantive argument against staying discovery pending the Court's decision on Defendants' Motion to Dismiss. Thus, good cause exists to stay discovery, and the Court should exercise its discretion to do so. *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (good cause exists to stay discovery when the court is "convinced that the plaintiff will be unable to state a claim for relief").

## II. CONCLUSION

Accordingly, Kraken respectfully requests that discovery be stayed pending the Court's decision on Kraken's Motion to Dismiss.

DATED: June 2, 2025  WITHERS BERGMAN LLP

By: */s/ Kimberly A. Pallen*
Kimberly A. Pallen
Vahe Mesropyan
Attorneys for Defendants
Payward, Inc. and Payward Ventures, Inc.