Lianlian Porth

Email :Lhkc_25@outlook.com

Phone: 408-381-9986

Address: P.O BOX 267, San Lorenzo, CA 94580

Atty.: Pro Se

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| Lianlian Porth<br><br>Plaintiff,<br><br>vs.<br><br>**PAYWARD, INC.** and **PAYWARD VENTURES, INC.**,<br><br>Defendants. | Case No. 3:25-cv-01885-VC<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL DISCLOSURE**<br><br>Date: July 10, 2025<br>Time: 10:00 a.m.<br>Crtrm.: 4, 17th Floor<br>Judge: Hon. Vince Chhabria |

I

**NOTICE OF MOTION AND MOTION**

**Please take notice** that Plaintiff Lianlian Porth, pursuant to the provisions of Rule 37(a) of the Federal Rules of Civil Procedure, hereby formally submits this motion to the Court, respectfully requesting an order compelling Defendants Payward Inc. and Payward Ventures Inc. to fulfill their initial disclosure and document production obligations under Rule 26 and Rule 34, and to fully respond to the asset disclosure requests as set forth in the "**REQUEST FOR DISCLOSURE** (Exhibit J)".

This motion is noticed to be heard on July 10, 2025, at 10:00 a.m., or as soon thereafter as the Court may hear the matter, before the United States District Court for the Northern District of California, San Francisco Division, located at:450 Golden Gate Avenue, San Francisco, California 94102,in the courtroom of the Honorable Vince Chhabria. Should the Court determine that oral argument is unnecessary, Plaintiff respectfully supports a ruling based solely on the submitted papers.

In the interest of maintaining procedural order and ensuring the administration of justice, Plaintiff respectfully requests that the Court prioritize the hearing of this motion, or issue a ruling on it separately prior to the resolution of Defendants' pending motions. Legal grounds and detailed justification are set forth in Section II of the Motion: Urgency and Procedural Independence.

Plaintiff will simultaneously submit the following supporting materials with this Notice:

The Motion and accompanying Memorandum of Points and Authorities;

Plaintiff's sworn declaration; Exhibit J -**REQUEST FOR DISCLOSURE** – Re-submitted Disclosure Request (original document request list);

Exhibit R-1 and Exhibit R-2 – Related correspondence and procedural background materials.

**TABLE OF CONTENTS**

**I. Introduction:** Motion to Compel Disclosure under Rule 37(a)---------------------------------- （page 1- 1 ）

**II. Grounds for Prioritized Hearing:** Urgency and Procedural Independence of the Motion---------------------
------------------------------------------------------------------------------------------------------------------- （page 1- 2 ）

**III. Grounds for filling Rule 37(a) Motion to Compel Disclosure------------------------------- （page 2 - 2）**

**IV. Procedural Background:** Plaintiff Fully Complied with Coordination Duties While Defendants Persistently Evaded Disclosure Obligations-------------------------------------------------------------- （page 2- 4 ）

**V. Legal Basis:** Applicable Standards Under Rules 26, 34, and 37 of the Federal Rules of Civil Procedure------
------------------------------------------------------------------------------------------------------------------- （page 4- 5）

**VI. Legal Arguments----------------------------------------------------------------------------------** （page 5- 9）

**VII. Conclusion and Prayer for Relief-------------------------------------------------------------** （page 9- 10）

**I. Introduction: Motion to Compel Disclosure under Rule 37(a)**

To the Honorable Court:

Plaintiff Lianlian Porth hereby respectfully moves this Court pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, and requests an order compelling disclosure as follows:

Defendants Payward Inc. (Payward) and Payward Ventures Inc. (Payward Ventures) shall immediately comply with their mandatory initial disclosure and document production obligations under Federal Rules of Civil Procedure 26 and 34, and fully respond to Plaintiff's Request for Disclosure (ECF No. 7, Exhibit J). Plaintiff further requests that the Court find Defendants' continued refusal to comply constitutes a substantive and ongoing violation of their federally mandated duty to disclose estate-related asset information.

**II. Grounds for Prioritized Hearing: Urgency and Procedural Independence of the Motion**

The disclosure obligation at issue in this motion—pertaining specifically to the lawful inheritance of estate assets—cannot be waived by Defendants' Motion to Dismiss, nor suspended by their Motion to Stay Discovery. Rather, it constitutes a foundational and mandatory procedural duty expressly provided under Rules 26 and 34 of the Federal Rules of Civil Procedure, and carries independent legal force that exists outside and apart from any pending procedural disputes. In parallel, this disclosure obligation is also rooted in the federal financial regulatory framework, and constitutes a non-deferrable, non-avoidable statutory compliance duty that Defendants are legally bound to fulfill.

In this case, Plaintiff formally issued the Request for Disclosure on March 7, 2025 (see ECF No. 13), and proactively granted Defendants a 60-day grace period. As of May 6, 2025, the disclosure obligation was due. Yet, Defendants not only failed to comply, but on the very day the disclosure became due, filed a Motion to Dismiss, and subsequently, on May 15, filed a Motion to Stay Discovery—an apparent attempt to substitute **procedural** maneuvering for substantive compliance, thereby evading and resisting the orderly operation of the federal procedural framework.

Defendants' conduct has not only seriously impaired Plaintiff's property rights, legal entitlements, and procedural equality as the lawful heir, but has also resulted in the ongoing loss of control over estate-related assets and information, causing irreversible harm.

Plaintiff therefore respectfully urges the Court to find that the asset disclosure obligations asserted in this

motion are procedurally independent and time-sensitive, and should accordingly be given prioritized consideration, or ruled on separately before the Court addresses Defendants' other pending motions.

### III. Grounds for filling Rule 37(a) Motion to Compel Disclosure

**3.1 Disclosure of Lawfully Inherited Estate Assets Is a Statutory Duty of Defendants:**

The obligation to disclose such information arises directly from Federal Rules of Civil Procedure 26 and 34, the Bank Secrecy Act (BSA), Anti-Money Laundering (AML) regulations, the KYC/CIP regime, and the California probate judgment of inheritance. This obligation is mandatory in nature, independent of any procedural motions or litigation strategies, and Defendants' refusal to comply constitutes a substantive violation of Plaintiff's fundamental property rights.

**3.2 Disclosure Is Central to Case Progression:**

Full disclosure is essential to: (i) identify the whereabouts and movement of assets; (ii) calculate damages and the scope of recovery; (iii) eliminate procedural uncertainty; and (iv) enhance judicial efficiency and conserve litigation resources.

**3.3 Procedural Fairness and Core Justice:**

At its core, the duty to disclose safeguards procedural parity and substantive justice, serving as a fundamental guarantee against information asymmetry and ensuring that both parties can litigate based on verifiable facts and genuine adversarial presentation.

### IV. Procedural Background: Plaintiff Fully Complied with Coordination Duties While Defendants Persistently Evaded Disclosure Obligations

**4.1 Plaintiff Initiated Disclosure and Coordination in Good Faith**

**March 1, 2025:** Plaintiff proactively completed her initial disclosures. (See ECF No. 7)

**March 7, 2025**: Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff formally issued a written Request for Disclosure to Defendants (see ECF No. 7, Exhibit J), and voluntarily granted a 60-day grace period. (See ECF No. 13)

**April 4, 2025**: Prior to any filing by Defendants, Plaintiff wrote to inquire whether Defendants preferred a jury trial or were open to early settlement. (See ECF No. 14, Exhibit K)

**April 12, 2025**: Defendants formally rejected the early settlement proposal and unequivocally stated their intent to proceed to jury trial. (See ECF No. 14, Exhibit L)

**April 12, 2025 (same day)**: Plaintiff acknowledged Defendants' position and informed them that a Rule 26(f) coordination notice would be issued within days. (See ECF No. 14, Exhibit M)

**April 16, 2025**: Plaintiff sent a formal Rule 26(f) coordination letter, proposing to complete the conference via email and setting April 22, 2025, as the coordination date. Plaintiff clearly stated the sole agenda item: whether Defendants would comply with the Request for Disclosure (ECF No. 7, Exhibit J) by May 6, 2025. Plaintiff asked for a written "yes" or "no" response and informed Defendants that failure to respond would be deemed non-cooperation and result in a unilateral report. (See ECF No. 14, Exhibit N)

**4.2 Defendants Refused Coordination and Repeatedly Delayed Disclosure Through Procedural Tactics**

**April 22, 2025:** Defendants provided no substantive response and refused to participate in the Rule 26(f) conference. (See ECF No. 14, Exhibit O)

**April 29, 2025:** Plaintiff filed a unilateral case management statement as a result. (See ECF No. 14)

**April 30, 2025:** Defense counsel notified Plaintiff that Defendants intended to file a motion to dismiss on May 6 and requested to reset the Rule 26(f) conference, without proposing any specific agenda. (See ECF No. 22, Exhibit Q-1)

**May 6, 2025:** Defendants failed to meet their disclosure obligations under Rules 26 and 34, and instead filed their motion to dismiss. (See ECF No. 15)

**May 9, 2025:** Defendants claimed they would soon file a motion to stay discovery, using it to pressure Plaintiff into rescheduling the Rule 26(f) conference. (See ECF No. 22, Exhibit Q-5)

**May 15, 2025:** Defendants filed their formal Motion to Stay Discovery. (See ECF No. 18)

**May 29, 2025:** Defendants again threatened a motion to continue and demanded Plaintiff agree to a further delay in coordination. (See Exhibit R-1)

**May 30, 2025:** Plaintiff formally rejected Defendants' delay request and notified them of her intent to file a Rule 37(a) motion within the following week. (See Exhibit R-2)

**4.3 Breakdown of Defendants' Internal Legal Controls and Procedural Misconduct**

**May 1, 2025:** Plaintiff reopened the communication channel through Defendants' public legal inbox, expressing a continued willingness to resolve the matter constructively. (See ECF No. 22, Exhibit Q-2)

**May 1, 2025 (same day):** Defendants' in-house legal counsel bypassed their retained counsel and directly sent Plaintiff a threatening email, cutting off the channel for dialogue. (See ECF No. 22, Exhibit Q-3)

**May 5, 2025:** Plaintiff, citing Defendants' continued delay tactics, declined to reset the coordination meeting. (See ECF No. 22, Exhibit Q-4)

**May 9, 2025:** Plaintiff rejected another attempt to reset the meeting, citing Defendants' willful violation of Rule 34. (See ECF No. 22, Exhibit Q-6)

**Summary:** From the outset of litigation, Plaintiff has actively advanced the disclosure process and fulfilled all coordination duties in good faith. In contrast, Defendants have persistently obstructed disclosure through delay tactics, motion filings, threats, and internal misconduct, amounting to procedural breach and willful evasion of the fair process mechanisms embedded in the Federal Rules of Civil Procedure.

**V. Legal Basis: Applicable Standards Under Rules 26, 34, and 37 of the Federal Rules of Civil Procedure**

This motion is brought pursuant to **Rules 26, 34, and 37** of the **Federal Rules of Civil Procedure**:

**5.1** Rule **26(a)(1)(A)** requires each party, within 14 days after the Rule 26(f) conference, to provide the opposing party with initial disclosures relevant to their claims or defenses. This obligation must be fulfilled without awaiting a discovery request and without undue delay.

**5.2** Rule **26(f)** requires the parties to meet and confer as early as practicable, and no later than 21 days before the Rule 16(b) scheduling conference. The conference must address initial disclosures,

preservation of discoverable information, potential dispute resolution, and a discovery plan. A party's refusal to confer or failure to cooperate in good faith constitutes a violation of procedural duties and seriously impedes the progress of the case.

**5.3**   Rule **34(a)(1)(A)**   authorizes a party to request from the opposing party the inspection, copying, testing, or sampling of documents and electronically stored information within their possession, custody, or control—including account data, asset inventories, communications, and transaction records.

**5.4**   Rule **37(a)(3)(A)**   provides that if a party fails to make the required initial disclosures under Rule 26(a), the opposing party may move to compel disclosure.

**5.5**   Rule **37(a)(3)(B)**   further provides that if a party fails to respond to a discovery request under Rule 34, or refuses to permit inspection, a motion to compel is proper and warranted.

## VI. Legal Arguments

**6.1 Defendants' Continued Concealment of Inherited Assets Post-Adjudication Constitutes a Systemic Challenge to Federal Financial Regulation and Procedural Order**

In December 2022, the California probate court issued a formal ruling adjudicating Plaintiff as the sole lawful heir to the entirety of her late husband's digital assets held on Defendants' platform. From the moment that order became effective, the legal status of Steven Porth—the decedent—was terminated, and all digital assets registered under his account on Defendants' platform were no longer under the lawful control of the deceased account holder, but instead became the legal property of the adjudicated heir, Plaintiff.

Under this legal context, Plaintiff is no longer a third-party requester but the adjudicated owner of the assets. As such, Defendants are obligated—under **Rules 26 and 34 of the Federal Rules of Civil Procedure**, as well as under the **Bank Secrecy Act (BSA)**, **Anti-Money Laundering (AML) regulations**, and **Customer Identification Program (CIP/KYC) standards**—to affirmatively assist in the disclosure and lawful transfer of account information and associated assets.

Shockingly, despite knowing that the original account holder is deceased and no longer has legal standing, and despite being on notice of Plaintiff's court-confirmed legal status, Defendants have persistently refused to provide full disclosure of asset information, opting instead to engage in procedural delay tactics and

motion-based obstruction to evade these obligations. Such conduct amounts not only to defiance of federal procedural norms, but also to a systemic violation of core principles in federal financial regulation, including:

**Federal Rules of Civil Procedure 26(a)(1)(A) and 34(a)**: Require parties to proactively disclose any materials in their possession, custody, or control that relate to the claims or defenses in the litigation, absent a stay or protective order. Defendants have obtained no such exemption, yet continue to delay disclosure—amounting to procedural defiance.

**Bank Secrecy Act (31 U.S.C. § 5311 et seq.)**: Requires financial institutions to maintain robust record-keeping and reporting systems to prevent asset concealment and identity obfuscation. Upon the account holder's death, assets no longer have a lawful titleholder. Defendants' refusal to disclose account information to the adjudicated "new owner" constitutes a direct breach of the statutory duty to cooperate and an unlawful obstruction of the inheritance chain.

**Anti-Money Laundering Regulations (31 C.F.R. § 1010 et seq.)**: Require financial institutions to reassess risk profiles and update account records upon high-risk events such as the death of an account holder or a change in ownership. Defendants failed to conduct any such reassessment and instead concealed account conditions and refused to execute the transfer of ownership—amounting to compliance failure and tolerance of identity risk.

**Customer Identification Program / Know Your Customer (CIP/KYC, 31 C.F.R. § 1023.220)**: Mandates risk-based identity verification systems, especially when significant ownership changes occur (e.g., death of an account holder). Institutions must reassess and verify the identity of the new legal owner—such as a court-adjudicated heir—to ensure lawful transition of account control. Plaintiff's request falls precisely within this category. Defendants' ongoing refusal to verify identity and deliver asset information constitutes a deviation from their mandatory compliance duties.

More gravely, as a matter of law, when an account holder dies and legal status is extinguished, the associated digital assets enter a "stateless property" condition, requiring the platform to transfer them to the new rightful owner as confirmed by judicial decree. Defendants' continued possession of such assets and refusal to disclose or deliver them to the sole legal heir not only violates civil procedure rules, but may also amount to unlawful conversion of property and informational money laundering.

In sum, Defendants' conduct—deliberately concealing account information despite knowing the legal

identity has changed—constitutes more than mere procedural noncompliance. It represents a systematic assault on the integrity of U.S. judicial authority and the foundations of federal financial regulation.

Accordingly, Plaintiff respectfully requests that this Court, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, grant this motion to compel disclosure and bring an end to Defendants' continuing disruption of federal procedure, inheritance order, and disclosure-based justice.

**6.2 Defendants Have Committed Procedural Default**

Defendants have failed to comply with their obligations under Rule 26 (initial disclosures) and Rule 34 (document production) of the Federal Rules of Civil Procedure, thereby committing a clear and ongoing procedural default, as follows:

**a .** On March 7, 2025, Plaintiff formally issued a Rule 34 Request for Disclosure, and granted Defendants a 60-day grace period. That deadline expired on May 6, 2025. Defendants neither responded nor disclosed any materials during that period, constituting a direct breach.

**b.** Under Rule 26(a), the initial disclosure obligation becomes automatically effective upon completion of the Rule 26(f) conference, without the need for a court order or opposing party's request. Plaintiff completed the coordination process on April 22, 2025, yet Defendants have still failed to provide any disclosures, in clear violation of this mandatory procedural rule.

**c.** Defendants have attempted to substitute their undecided Motion to Dismiss for their mandatory disclosure obligations concerning lawfully inherited estate assets under federal procedure. This constitutes a textbook case of strategic procedural abuse, aimed at evading proper judicial review of the substantive claims.

**6.3 Defendants' Pending Motion Does Not Constitute a Valid Basis for Withholding Disclosure**

Defendants' filing of a Motion to Dismiss and Strike on June 5, 2025 does not entitle them to unilaterally suspend their disclosure obligations under Rules 26 and 34. As held in M.R. v. Dreyfus, 697 F.3d 706 (9th Cir. 2012), the mere filing of a motion does not automatically stay discovery or disclosure obligations unless the court has explicitly issued a protective or stay order. Even in *Dreyfus*, where the moving party was a state agency and the motion was filed early, the Ninth Circuit reaffirmed that plaintiffs retain full procedural rights during the pendency of a motion, including the right to seek compelled relief and advance the discovery

process.

In the present case, this Court has not issued any stay order, nor have Defendants obtained any protective order under Rule 26(c). The disclosure obligations remain fully in effect. Defendants' ongoing refusal to comply lacks any valid procedural or substantive justification.

**6.4 Plaintiff Has Fully Satisfied the Meet-and-Confer Requirement**

Throughout the progression of this case, Plaintiff has acted in good faith and has diligently fulfilled her obligation to confer and coordinate. Plaintiff has initiated multiple disclosure-related communications and preserved complete records of all correspondence, as detailed below:

**a. Proactive Conduct by Plaintiff:**
Early in the litigation, Plaintiff proactively initiated coordination under Rule 34 and Rule 26, offered early settlement options, and granted Defendants a generous 60-day grace period. After Defendants expressly rejected settlement, Plaintiff sent multiple written letters setting forth Rule 26(f) coordination topics and specific response deadlines. Plaintiff also provided advance notice that failure to substantively respond would be deemed a refusal to confer, and that she would seek court intervention under Rule 37(a) without further notice.

**b. Reasonable Efforts to Communicate:**
Even after discovering signs of internal disorganization within Defendants' legal structure, Plaintiff reopened communication channels in good faith, attempting to reestablish a pathway for meaningful coordination. In response, however, Defendants' in-house counsel—despite knowing that outside counsel had entered a formal appearance and accepted federal jurisdiction—improperly bypassed counsel of record and sent a direct, threatening email to Plaintiff, thereby willfully disrupting the federal litigation framework and cutting off any opportunity for dialogue. This action represents a serious breach of procedural ethics and a violation of Defendants' meet-and-confer obligations. (See ECF No. 22, Exhibit Q-3)

**c. Demonstrated Patience and Procedural Clarity:**
Plaintiff has clearly explained her reasons for refusing to reset the coordination meeting through ECF No. 22 (Exhibits Q-4 and Q-6). Her refusal was based solely on Defendants' continued noncompliance with Rules 26 and 34, not on a unilateral rejection of coordination. These filings confirm that Plaintiff has exhausted all reasonable efforts to cooperate.

**d. Transparency and Strategic Response to Delay Tactics:**

Defendants failed to meet their disclosure obligations under Rules 26 and 34 by the May 6, 2025 deadline and refused to participate in the Rule 26(f) conference. Instead, they have relied on procedural motions—including a Motion to Dismiss and a Motion to Stay Discovery—to obstruct disclosure. As the initial case management conference approached, Defendants further attempted to leverage a threatened motion to continue in order to delay coordination( Exhibit R-1). Given that all meaningful cooperation had broken down, Plaintiff had no viable alternative but to notify Defendants of her intent to file a Rule 37(a) Motion to Compel Disclosure within seven days, to prevent further procedural derailment( Exhibit R-2) .

**6.5 Defendants Have Repeatedly Abused Procedural Motion Practice to Evade Disclosure Obligations**

Defendants have consistently misused procedural motions as a means to obstruct their mandatory disclosure obligations under Rules 26 and 34. Without ever complying with these rules, Defendants have engaged in a pattern of conduct designed to disrupt and freeze the discovery process:

   a . They refused to respond to the sole agenda item of the Rule 26(f) coordination conference;

   b . On the very day the disclosure deadline expired, they filed a Motion to Dismiss (ECF No. 15);

   c . One week later, they filed a Motion to Stay Discovery (ECF No. 18);

   d . And on the eve of the case management conference, they issued a threat of seeking a continuance (Exhibit R-1), further attempting to paralyze the case's procedural momentum.

This sustained pattern of conduct constitutes a systematic evasion of procedural obligations and has significantly disrupted the order and efficiency of the Court's case management process.

## VII. Conclusion and Prayer for Relief

In light of the foregoing legal Basis and factual showing, Plaintiff respectfully requests that this Court issue the following orders:

   **7.1**   Pursuant to Federal Rules of Civil Procedure 37(a)(3)(A) and 37(a)(3)(B), grant this Motion to Compel Disclosure;

7.2  Order Defendants to fully and unconditionally respond to all items listed in Plaintiff's REQUEST FOR DISCLOSURE (ECF No. 7, Exhibit J) within seven (7) days of the Court's ruling. For the Court's convenience and enforcement, Plaintiff has re-attached REQUEST FOR DISCLOSURE (Exhibit J) to this Motion for immediate reference and judicial review;

7.3  Reserve the Court's authority under Rule 37(a)(5) to impose cost-shifting sanctions or other appropriate penalties in response to Defendants' unjustified refusal to disclose, based on their subsequent compliance or continued noncompliance.

Date: 06/02/2025        Signature: [signed]

Name: Lianlian Porth

Atty.: Pro Se