Lianlian Porth

Email :Lhkc_25@outlook.com

Phone: 408-381-9986

Address: P.O BOX 267,San Lorenzo, CA 94580

Atty.: Pro Se

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| Lianlian Porth<br><br>Plaintiff,<br><br>vs.<br><br>**PAYWARD, INC.** and **PAYWARD VENTURES, INC.,**<br><br>Defendants. | Case No.3:25-cv-01885-VC<br><br>**PLAINTIFF'S OPPOSITION TO ADMINISTRATIVE MOTION TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE**<br><br>Judge: Hon. Vince Chhabria |
|---|---|

Honorable Judge Vince Chhabria:

   Plaintiff Lianlian Porth respectfully submits this formal opposition to the Administrative Motion filed on June 3, 2025, by Defendants Payward, Inc. and Payward Ventures, Inc., pursuant to Civil Local Rules 6-3 and 7-11. Defendants' motion seeks to continue the Initial Case Management Conference ("CMC"), currently scheduled for June 6, 2025, to a date fifteen (15) days after the hearing on the Motion to Dismiss.

**Plaintiff raises the following three points in strong opposition:**

1. **Defendants' Motion to Dismiss and Strike is not dispositive, and under Honorable Judge Vince

**Chhabria's Standing Order ¶14, does not justify a continuance of the Case Management Conference.**

Standing Order ¶14 explicitly provides:

*"If the defendant files a motion to dismiss that would dispose of the entire case and the parties agree, the initial case management conference may be continued until 15 days after the motion hearing. If the motion would not dispose of the entire case, the case management conference will not be continued."*

Although Defendants assert that their motion is dispositive, in reality, their *Motion to Dismiss and Strike* does not present a comprehensive or substantive challenge to all of the claims set forth in the Complaint. Moreover, it conspicuously omits one decisive and undisputed fact: the California probate court issued a final ruling in December 2022, declaring Plaintiff the sole lawful heir to all digital assets held on Defendants' platform by her late husband.

This probate ruling fundamentally altered the nature of the case: the dispute no longer concerns the question of inheritance eligibility, but rather centers on Defendants' obstruction of a court-ordered transfer, their deliberate concealment of asset information, and their systemic evasion of financial disclosure duties within the framework of federal regulation.

Accordingly, the case squarely falls within the core jurisdictional and regulatory concerns of this Court,
including:
(1) the enforcement of judicial determinations;
(2) the compliance obligations of financial service providers under BSA, AML, and KYC regimes; and
(3) the protection of lawful inheritance-based property rights under federal law.

**2. The Federal Court bears an irreplaceable duty to adjudicate the core issues in this case.**

Plaintiff does not dispute that the question of inheritance rights has been conclusively resolved by the state probate court. The dispute lies in whether, following that ruling, Defendants unlawfully obstructed its enforcement through deceit, misrepresentation, and violations of federal law.

Specifically, despite knowing that the probate ruling had legal force, Defendants:
a . Provided Plaintiff with manipulated account summaries that were unverified, stripped of key data

fields, and failed to reflect the true structure of the assets;

b. Made false representations to Plaintiff and to the Court claiming "compliance," while in fact withholding any verifiable access to account control or transaction records;

c. Misled the probate court by implying that delivery of the assets had been completed, without submitting any financial records that met basic regulatory disclosure standards—thereby preventing the probate court, which lacks financial audit mechanisms, from discerning the true nature of their conduct.

These acts go beyond the scope of the probate court's jurisdiction and do not fall within the traditional category of "probate administration" disputes. Rather, they raise questions of property conversion and regulatory evasion across judicial and statutory boundaries, which must be addressed by the federal court pursuant to the Federal Rules of Civil Procedure, applicable financial regulatory frameworks, and the principles protecting property rights.

**3. Defendants have abused procedural tactics to conceal their ongoing disclosure violations and should not be rewarded with a continuance.**

Plaintiff completed her initial disclosures early in the litigation through ECF No. 7 and, on March 7, 2025, formally served a Request for Disclosure pursuant to Federal Rule of Civil Procedure 34, seeking the full set of asset information related to her late husband's accounts on Defendants' platform.

Nevertheless, throughout the litigation, Defendants have persistently ignored their disclosure and cooperation obligations under the Federal Rules of Civil Procedure. Specifically:

– On April 22, 2025, Defendants failed to engage in any meaningful response to Plaintiff's request for a Rule 26(f) conference;

– On May 6, 2025, Defendants failed to comply with their initial disclosure obligations under Rules 26 and 34; instead, on the same day—and without having disclosed any information—they filed a *Motion to Dismiss and Strike*, attempting to eliminate Plaintiff's disclosures;

– On May 15, 2025, Defendants escalated their obstruction by filing a *Motion to Stay Discovery*, seeking to freeze all disclosure proceedings;

– On June 3, 2025, Defendants filed the present *Motion to Continue the Case Management Conference*.

Notably, in every procedural motion—including this continuance request—as well as in all correspondence with Plaintiff, Defendants have consistently failed to offer any substantive explanation or response regarding their disclosure obligations under Rules 26 and 34. This motion is no exception: Defendants merely propose rescheduling the CMC, yet completely evade the critical question of how they intend to manage the case or remedy their continuing discovery violations during the proposed delay.

In light of the above facts and legal framework, Plaintiff firmly opposes Defendants' request for a continuance and respectfully requests that the Court deny the motion to ensure the proper progression of the case.

**Conclusion**

Under the Federal Rules of Civil Procedure, Defendants were required to complete their initial disclosures no later than May 6, 2025. As of the date of this filing, they have failed to make any disclosures and have offered neither explanation nor remedy.

Instead, Defendants have filed a series of procedural motions—including a Motion to Dismiss, a Motion to Stay Discovery, and now a Motion to Continue the Case Management Conference—all in an apparent effort to avoid their substantive obligations. This conduct constitutes a serious abuse of procedural process.

Accordingly, Plaintiff respectfully requests that the Court deny Defendants' motion for a continuance and maintain the originally scheduled Case Management Conference on June 6, 2025, in order to prevent further delay and uphold procedural fairness.

Date: 06/03/2025

Signature:

Name: Lianlian Porth

Atty.: Pro Se