Kimberly A. Pallen (SBN 288605)
kimberly.pallen@withersworldwide.com
**Withers Bergman LLP**
909 Montgomery Street, Suite 300
San Francisco, California 94133
Telephone:    415.872.3200
Facsimile:    415.549 2480

Vahe Mesropyan (SBN 307244)
vahe.mesropyan@withersworldwide.com
**Withers Bergman LLP**
10250 Constellation Blvd., Suite 1400
Los Angeles, California 90067
Telephone:    310.277.9930
Facsimile:    310.277.9935

Attorneys for Defendants Payward, Inc. and
Payward Ventures, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIANLIAN PORTH,<br><br>        Plaintiff,<br><br>    v.<br><br>PAYWARD, INC. and PAYWARD VENTURES, INC.,<br><br>        Defendants. | Case No. 3:25-cv-01885-VC<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO VACATE HEARING DATE**<br><br>Judge:    Hon. Vince Chhabria |

I.     **THE HEARING DATE ON PLAINTIFF'S MOTION SHOULD BE CONTINUED**

Pursuant to Civil Local Rules 6-3 and 7-11, Defendants Payward, Inc. and Payward Ventures, Inc. ("Defendants" or "Kraken") respectfully submit this administrative motion to vacate and continue the hearing date on Plaintiff's Motion to Compel Disclosure. (ECF No. 25 ("Motion to Compel").) The hearing on the Motion to Compel should be scheduled for a date after the July 17, 2025 hearing on Defendants' Motion to Dismiss and Strike (ECF No. 15 ("Motion to Dismiss")) and Motion to Stay Discovery (ECF No. 18 ("Motion to Stay")), if necessary, for at least the following reasons:

*First*, Plaintiff's Motion to Compel is entirely premised on her baseless assertion that Defendants failed to timely make initial disclosures pursuant to Federal Rules of Civil Procedure 26. However, Federal Rule of Civil Procedure 26(a)(1)(C) provides that the deadline to make the initial disclosures is "14 days after the parties' Rule 26(f) conference." Fed. R. Civ. P. 26(a)(1)(C). The Rule 26(f) conference has not taken place and thus the initial disclosure deadline has not expired. Indeed, the Court issued its Order Granting Defendants' Administrative Motion to Continue Initial Case Management Conference (ECF No. 28 ("CMC Order")) to August 1, 2025, and held that "[a]ll associated deadlines are reset accordingly." (CMC Order at p. 1.) Thus, the deadline for Rule 26(f) initial disclosures is August 15, 2025. It would be a waste of the parties' and the Court's resources to brief and hold a hearing on the Motion to Compel on July 10, 2025.

*Second*, holding the Motion to Compel hearing on July 10, 2025, before the July 17, 2025 hearing on Defendants' fully-briefed Motion to Dismiss and Motion to Stay, will waste the time and resources of the Court and the parties. (ECF Nos. 15 and 18.) If the Court grants either of Defendants' Motions, it will obviate the need to address Plaintiff's Motion to Compel.

*Third*, despite this Court's Standing Order requiring "[c]ounsel for the moving party [to] confer with opposing counsel about a mutually convenient hearing date *before* noticing any motion" (Standing Order ¶ 8 (emphasis added)), Plaintiff did not do so. (Pallen Decl. ¶ 4.)[1] Lead counsel for Defendants is on vacation on the date that Plaintiff unilaterally set. (*Id.* ¶¶ 3-4.)

---

[1] "Pallen Decl." means the Declaration of Kimberly Pallen, dated June 11, 2025, filed herewith.

1

DEFENDANTS' ADMINISTRATIVE
MOTION TO VACATE HEARING DATE                                    Case No. 3:25-cv-01885-VC

*Fourth*, Plaintiff did not meet and confer regarding the substance of the Motion to Compel before filing it. Civil Local Rule 37-1 is clear that a conference is "[r]equired," prior to filing any motion to compel, and that motions to compel will "not [be] entertain[ed]" unless counsel "have previously conferred." *See also* Fed. R. Civ. P. 37(a)(1). Additionally, Plaintiff did not adhere to this Court's Standing Order, which requires a joint letter in discovery disputes. (Standing Order ¶ 18 ("If the parties cannot resolve their discovery dispute after a good faith effort, they shall prepare and file a joint letter of no longer than 5 pages stating the nature and status of their dispute.").)

*Finally*, because Plaintiff's Motion to Compel is meritless and completely ignores the meet and confer and other procedural requirements in the Federal Rules, this Court's Local Rules, and this Court's Standing Order, Defendants will seek their reasonable attorneys' fees from Plaintiff in responding to Plaintiff's Motion to Compel. Thus, continuing the date of the Motion to Compel hearing is in the interests of efficiency and will avoid further motion practice.

Before filing this administrative motion, Defendants' counsel attempted to meet and confer with Plaintiff to ascertain whether she would stipulate to moving the hearing date on her Motion to Compel. (Pallen Decl., Ex. 1.) Plaintiff did not agree. (*Id.*, Ex. 2.)

## II.    CONCLUSION

Accordingly, Kraken respectfully requests that the July 10, 2025 hearing on Plaintiff's Motion to Compel (ECF No. 25) be vacated and reset for a time after the July 17, 2025 hearing on Defendants' Motion to Dismiss and Motion to Stay. Additionally, Kraken respectfully requests that the briefing schedule and deadlines for the Motion to Compel be reset once a new hearing date, if any, is set.

DATED: June 11, 2025                    WITHERS BERGMAN LLP

                                By:      */s/ Kimberly A. Pallen*
                                        Kimberly A. Pallen
                                        Vahe Mesropyan
                                        Attorneys for Defendants
                                        Payward, Inc. and Payward Ventures, Inc.