Lianlian Porth

Email :Lhkc_25@outlook.com

Phone: 408-381-9986

Address: P.O BOX 267,San Lorenzo, CA 94580

Atty.: Pro Se

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| Lianlian Porth<br><br>Plaintiff,<br><br>vs.<br><br>**PAYWARD, INC.** and **PAYWARD VENTURES, INC.,**<br><br>Defendants. | Case No.3:25-cv-01885-VC<br><br>**PLAINTIFF'S OPPOSITION TO ADMINISTRATIVE MOTION TO VACATE THE HEARING ON THE MOTION TO COMPEL DISCLOSURE**<br><br>Judge: Hon. Vince Chhabria |
|---|---|

The Honorable Vince Chhabria,

　　Plaintiff，Lianlian Porth opposes Defendants' motion to vacate and continue the hearing on the Motion to Compel Disclosure pursuant to Federal Rules 34 and 37(a)，The grounds are set forth in the following four points：

**I. Although Plaintiff Is a Pro Se Litigant, She Has Consistently Upheld Federal Procedural Integrity; Defendants, as Licensed Legal Representatives, Have Repeatedly Violated Procedural Rules, Causing Procedural Breakdown and Wasting Judicial Resources**

　　Although Plaintiff is a non-lawyer individual appearing pro se and bringing this action for the

first time before a federal court, she has consistently acted in accordance with the law. On March 7, 2025, Plaintiff served a formal disclosure request pursuant to Federal Rule 34 and, in good faith, granted Defendants a 60-day extension, setting the response deadline as May 6, 2025. Throughout this period, Plaintiff repeatedly reminded Defendants of their disclosure obligations. However, Defendants did not respond even once, nor did they produce any information. Instead, from the date the extended deadline expired through the following month and a half, Defendants filed four successive procedural motions—(1) a Motion to Dismiss; (2) a Motion to Stay Discovery; (3) a Motion to Continue the Case Management Conference; and (4) a Motion to Vacate the Hearing on the Motion to Compel—each designed with a single purpose: to obstruct disclosure and evade their legal obligations. Faced with this calculated evasion, Plaintiff lawfully filed a Motion to Compel under Rule 37(a) to protect the integrity of the federal procedural system.

In contrast, Defendants—an alliance between one of the world's top three cryptocurrency exchanges and a global law firm—should have used their professional capacity to assist the Court in advancing this case. Instead, they have repeatedly violated the Federal Rules: refusing to comply with their Rule 34 disclosure obligations, declining to participate in the Rule 26(f) conference, and failing to cooperate in case management. This forced the Court to postpone and reset the Case Management Conference (CMC). Now, Defendants seek once again to delay the hearing on Plaintiff's Motion to Compel under the guise of yet another motion. If such conduct is allowed to continue, it will inevitably delay case management further and trap the proceeding in a cycle of "Defendants' delay — Court's reset," causing serious prejudice to Plaintiff, squandering judicial resources, and undermining the legitimacy and stability of the federal procedural system.

**II. The Disclosure of the Statutory Inheritance Rights in This Case Is a Legal Obligation Under Federal Financial Laws; Defendants' Request for Continuance Severely Violates Procedural Justice**

In December 2022, the probate court ruled that Plaintiff is the sole lawful heir to all assets held by her late husband on Defendants' platform. From that point on, Defendants have been under a legal obligation—pursuant to the Bank Secrecy Act (BSA), Anti-Money Laundering regulations

(AML), and Know Your Customer (KYC) requirements—to disclose the relevant account information to Plaintiff. As of June 2025, Defendants have not fulfilled this obligation. Instead, they have filed successive procedural motions in an apparent attempt to avoid disclosure, in serious violation of both federal financial regulations and the principles protecting inheritance rights.

On March 7, 2025, Plaintiff served a Rule 34 document request and, in good faith, granted an extension to May 6, 2025. Defendants failed to make any disclosure by the deadline and, on that very day, filed a Motion to Dismiss—now scheduled for hearing on July 17. Plaintiff then filed a Motion to Compel under Rule 37(a) on June 2, which has been set for hearing on July 10 and is properly scheduled to be heard first. Defendants now seek to use their still-pending Motion to Dismiss as a pretext to delay disclosure and obtain procedural priority, thereby deliberately inverting the proper sequence of proceedings and committing a willful breach of procedural justice.

**III. Defendants' continued refusal to enforce Plaintiff's lawful inheritance constitutes a direct challenge to the authority of the federal legal system. Their sole strategy is procedural delay and dismissal.**

While diligently advancing this case through proper legal channels, Plaintiff has also made multiple good-faith settlement proposals to Defendants in an effort to resolve the dispute substantively. However, upon receiving these written proposals, Defendants not only explicitly rejected any form of settlement, but also characterized Plaintiff's legitimate assertion of rights as a "threat," and have continuously refused to fulfill their statutory disclosure obligations regarding the inherited assets. Their sole strategy has been to rely on procedural motions to delay, obstruct, or attempt to terminate the litigation.

This consistent and systemic pattern of delay and evasion of responsibility constitutes a serious abuse of the judicial process and should not be condoned by the Court. Only full disclosure can bring the truth to light and move this case toward substantive adjudication.

**IV. Defendants' Ongoing Delays Have Caused Serious Emotional and Financial Harm to Plaintiff, and the Court Should Not Continue to Endorse Their Procedural Evasion**

The case concerns Plaintiff's assertion and enforcement, at the federal level, of her court-adjudicated inheritance rights to the entirety of her late husband's assets held on Defendants' platform. Since the probate court's ruling in December 2022, more than two and a half years have passed without Plaintiff receiving any substantive information. Defendants have repeatedly blocked disclosure through procedural motions, deliberately delaying and evading their obligations, which has left Plaintiff under prolonged psychological distress and financial uncertainty.

One of the core purposes of the federal disclosure regime is to ensure that claimants promptly obtain essential information and are not subjected to prolonged harm due to information asymmetry. Defendants' abuse of procedure and refusal to disclose directly contravene this design, and have inflicted ongoing emotional and economic damage on Plaintiff. Allowing Defendants to continue their delay will only deepen this harm and should not be tolerated by the judicial process.

## Conclusion

Plaintiff respectfully requests that the Court, pursuant to Federal Rules of Civil Procedure 34 and 37(a), deny Defendants' administrative motion to vacate and continue the hearing on Plaintiff's Motion to Compel Disclosure.

Date: 06/15/2025

Signature: *(signed)*

Name: Lianlian Porth

Atty.: Pro Se