Lianlian Porth

Email :Lhkc_25@outlook.com
Phone: 408-381-9986
Address: P.O BOX 267,San Lorenzo, CA 94580
Atty.: Pro Se

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Lianlian Porth<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>**PAYWARD, INC.** and **PAYWARD VENTURES, INC.,**<br><br>　　　　　　Defendants. | Case No.3:25-cv-01885-VC<br><br>**REPLY IN SUPPORT OF　PLAINTIFF'S MOTION TO COMPEL DISCLOSURE**<br><br>Date: July 17, 2025<br>Time: 10:00 a.m.<br>Crtrm.: 4, 17th Floor<br><br>Judge: Hon. Vince Chhabria |

Plaintiff submits the following **five points** in opposition to Defendants' Opposition (ECF No. 33), and in further support of Plaintiff's Motion to Compel Disclosure under Rule 37(a) (ECF No. 25):

**1. Defendants' opposition lacks valid standing and fails to identify proper legal entities; it should be deemed procedurally defective.**

　　Under the Federal Rules of Civil Procedure, all parties to a civil action must appear before the court in the name of a legally recognized and independent juridical entity. Rule 17(b) requires corporate parties to proceed in their formal legal capacity, and Rule 7(b)(1)(B) further mandates that any motion must clearly state the party on whose behalf it is made. In this case, Plaintiff Lianlian

Porth has appeared in her individual legal capacity, assuming full responsibility for the claims and evidentiary burden. Accordingly, Payward Inc. and Payward Ventures Inc., as named defendants, must also individually and clearly assume their respective procedural roles and legal obligations.

However, in the only opposition to the Motion to Compel Disclosure jointly submitted by Defendants Payward Inc. and Payward Ventures Inc. (ECF No. 33), they did not distinguish the respective positions or responsibilities of the two corporate entities. Instead, relying on the same legal team, they responded procedurally through a single unified motion, and wrote in the document: "In the Motion, Plaintiff contends that Defendant Payward, Inc. and Payward Ventures, Inc. (collectively 'Defendants' or 'Kraken')." Defendants conflated the two companies by collectively referring to them as "Defendants" or "Kraken," and used these terms in quotation marks.This usage is no longer that of a mere pronoun or shorthand—it is treated in the motion as a nominalized designation of a single entity. Such phrasing creates the impression that these two companies are themselves named "Defendants" or "Kraken," rather than being two separately incorporated legal persons, each bearing its own legal obligations：Payward, Inc. And Payward Ventures, Inc.

While such consolidation may be harmless in corporate marketing or branding, it directly undermines legal entity distinction in federal court proceedings. The Court has not authorized "Defendants" or "Kraken" as a named party in this action. Nor can the Court determine from the motion which entity—Payward Inc. or Payward Ventures Inc.—is specifically responding to Plaintiff's requests. This ambiguity obstructs the Court's ability to evaluate who bears what legal obligation and to assign procedural responsibility accordingly.

More gravely, by jointly opposing under a single composite identity (collectively "Defendants" or "Kraken"), Defendants have effectively waived the procedural independence of their separate corporate personalities. This erodes the ability to trace distinct procedural conduct and, more fundamentally, bolsters Plaintiff's core allegation that Defendants have disregarded corporate separateness and pierced their own corporate veil. As Plaintiff has previously stated in multiple filings, once the fiction of corporate separateness collapses, Defendants are no longer two legitimate and independently existing litigants. Instead, they are operating a legal façade intended to mislead the Court and manipulate judicial proceedings—any motion predicated on such a façade lacks valid legal

standing and may be summarily denied or stricken.

In short, while Plaintiff has made efforts to preserve the status of Defendants' parent and subsidiary companies as two distinct legal parties, Defendants themselves have repeatedly and voluntarily asserted in court records that their parent and subsidiary are, in essence, a single legal entity.— The veil between parent and subsidiary was not pierced by Plaintiff, but voluntarily lifted by Defendants themselves. And if this issue had not been raised today by Plaintiff, it would inevitably have been exposed tomorrow—by regulators, auditors, investors, creditors, or other stakeholders, and likely in a far more severe manner.

**2. Plaintiff's Rule 34 Request Complies with the "Early Service, Effective Upon Rule 26(f) Conference" Mechanism Permitted by the Federal Rules, and Is Procedurally Proper**

In their Opposition, Defendants argue that Plaintiff's Rule 34 request is invalid because "no Rule 26(f) conference has yet occurred." This assertion reflects a fundamental misunderstanding of the timing mechanism expressly established in Rule 26(d)(2) of the Federal Rules of Civil Procedure: *A request under Rule 34 may be delivered before the Rule 26(f) conference. The request is considered to have been served at the first Rule 26(f) conference.*

Rule 26(d)(2) explicitly authorizes a party to deliver a Rule 34 request before the Rule 26(f) conference and clarifies that such a request will be deemed officially served on the date of the Rule 26(f) conference, without the need for re-delivery or supplemental service.

Plaintiff strictly complied with this rule: on March 7, 2025—the same day the Complaint was filed—Plaintiff served on Defendants the "Document Request, Exhibit J" pursuant to Rule 34 (ECF No. 13), and proactively granted Defendants a 60-day courtesy period, setting the response deadline as May 6, 2025. The Rule 26(f) scheduling conference was set for April 22, 2025 (ECF No. 14, Exhibit N), meaning the requested disclosure was explicitly set to take effect *after* the scheduled Rule 26(f) conference. At no point did Plaintiff's Rule 34 request violate the prohibition under Rule 26(d)(1) against initiating discovery *before* the Rule 26(f) conference.

Accordingly, Defendants' characterization of a procedurally valid early service as

"premature" reflects a misreading of both the text and intent of the Federal Rules. Plaintiff's Rule 34 request fully complies with procedural requirements and imposes no undue burden on Defendants. Rather, it represents a reasonable and lawful effort to preserve disclosure progress and ensure procedural efficiency.

**3. Defendants' Bad-Faith Evasion of the Rule 26(f) Conference Cannot Excuse Their Disclosure Obligations, and the CMC Continuance Does Not Suspend Their Duties**

On April 16, 2025, Plaintiff formally served Defendants with a notice to confer under Rule 26(f) (ECF No. 14, Exhibit N), clearly proposing to hold the Rule 26(f) conference on April 22, 2025. Plaintiff identified as the core agenda item whether Defendants would comply with the disclosure obligations outlined in the Document Request, Exhibit J. Defendants failed to respond to this notice and refused to participate in any substantive disclosure discussions, asserting that their forthcoming motion to dismiss exempted them from engaging in discovery. This amounted to a deliberate effort to obstruct the normal commencement of Rule 26(f) procedures.

This bad-faith conduct led the Court, on June 4, 2025, to reluctantly grant Defendants' unilateral request to continue the Case Management Conference (CMC), postponing it to August 1, 2025. Yet now, Defendants seek to invoke Rule 26(a)(1)(C), arguing that Plaintiff's Motion to Compel filed on June 2, 2025, was "premature" solely because the Rule 26(f) conference had not occurred. In doing so, Defendants attempt to use their own procedural noncompliance as a shield to invalidate Plaintiff's motion.

To clarify the timeline: Plaintiff filed the Motion to Compel on June 2, 2025—*before* the Court's June 4, 2025 order granting the CMC continuance. Prior to that, Plaintiff had already complied with Rule 26(f) by issuing a timely and properly noticed invitation to confer. Under these circumstances, Defendants not only bear responsibility for the failure to conduct the Rule 26(f) meeting, but also seek to benefit from their own procedural default. Such conduct constitutes an abuse of the Federal Rules of Civil Procedure and a serious affront to the principles of procedural integrity and fairness.

**4. Defendants' Opposition Entirely Avoids the Substantive Issues and Fails to Present Any Grounds for Denial**

Plaintiff's Motion to Compel Disclosure (ECF No. 25) is not a routine discovery request. It is grounded on two independent legal foundations: first, Plaintiff's inheritance rights that have already been confirmed by a California court judgment; and second, Defendants' statutory obligation under federal laws—including the Bank Secrecy Act (BSA), Anti-Money Laundering (AML) regulations, and Know-Your-Customer/Customer Identification Program (KYC/CIP) rules—to disclose asset information. These obligations are not suspended by the mere filing of procedural motions, nor are they subject to any automatic stay arising from Defendants' pending Rule 12(b) motion to dismiss.

However, Defendants' Opposition (ECF No. 33) fails to address either of these core legal foundations. Defendants do not contest the validity of Plaintiff's inheritance rights. They do not explain why they refused to produce any asset information after the 60-day grace period for Rule 34 disclosure requests expired on May 6, 2025. Nor do they justify their refusal to participate in the Rule 26(f) conference scheduled for April 22, 2025. Each of these critical issues—issues which Defendants were duty-bound to address—has been conspicuously avoided.

Instead, Defendants rely exclusively on procedural technicalities, misrepresenting Rule 34 and Rule 26(d)(1), while deliberately ignoring Rule 26(d)(2), which explicitly permits the early delivery of discovery requests with service deemed effective upon the Rule 26(f) conference. In doing so, Defendants attempt to shift the consequences of their own unilateral delays and refusal to confer onto Plaintiff. Such procedural manipulation does nothing to discharge their disclosure obligations—and in fact, further exposes their bad-faith evasion of federal asset compliance laws.

In summary, Defendants' Opposition fails to confront the substantive legal basis of Plaintiff's Motion and does not offer any meaningful rebuttal to Plaintiff's core requests. As such, it should be deemed nonresponsive in substance, and the Court should grant the Motion to Compel Disclosure accordingly.

**5. Defendants' Procedural Objection Lacks Factual Basis—Plaintiff Has Fulfilled the Meet-and-Confer Obligation**

Defendants argue that Plaintiff violated Civil Local Rule 37-1 and the Court's Standing Order 8 and 18 by failing to meet and confer before filing the motion, and therefore contend the Motion is procedurally improper. However, this objection is factually inaccurate and disregards the actual procedural posture of this case.

First, Plaintiff sent a formal Rule 26(f) conference notice to Defendants on April 16, 2025 (ECF No. 14, Exhibit N), proposing to hold the conference on April 22, 2025. Plaintiff clearly listed the agenda items, including whether Defendants would comply with the disclosure requests outlined in Exhibit J. This notice constitutes a good-faith effort to confer, as required by the applicable rules. Defendants, however, did not provide any substantive response and thereby waived their right to participate in the coordination process.

Second, Plaintiff followed up with further outreach on May 5, 2025 (ECF No. 22, Exhibit Q-4), and May 9, 2025 (ECF No. 22, Exhibit Q-6), reiterating that Plaintiff was preparing a motion to compel under Rule 37(a), and openly invited Defendants to respond or engage in further dialogue before the filing deadline. These proactive efforts fulfill the substantive requirements of Rule 37(a)(1) and Local Rule 37-1 for reasonable pre-motion communication.

Third, the joint letter requirement under Standing Order § 18 applies only when both parties have engaged in meaningful meet-and-confer efforts and are willing to jointly summarize the disputed issues. In this case, Defendants never responded to Plaintiff's meet-and-confer requests and failed to attend the scheduled Rule 26(f) meeting. As a result, Plaintiff was procedurally unable to prepare the joint letter, and forcing Plaintiff to do so unilaterally contradicts both the procedural practicality and the cooperative intent of the joint-letter mechanism.

Furthermore, the Rule 34 document request issued by Plaintiff does not require a joint letter or prior court approval. It is not the kind of motion that falls within the scope of the Standing Order's joint-letter requirement, and thus does not constitute a procedural violation.

In sum, Plaintiff has made all reasonable and documented efforts to meet and confer in good faith. Defendants' procedural objections are factually unsupported and amount to misuse of procedural rules. The Court should find Plaintiff's motion procedurally sound and reject Defendants' attempt to avoid compliance through technicalities.

**Conclusion**

In sum, Plaintiff's five-point rebuttal to Defendants' Opposition (ECF No. 33) clearly demonstrates that Defendants' objections suffer from serious flaws and fundamental deviations in several key areas: the identification of legal entities, the interpretation of procedural rules, the response to substantive disclosure obligations, and the fulfillment of meet-and-confer requirements. Defendants failed to distinguish their corporate identities, conflated legal personalities, and further reinforced Plaintiff's core allegation of veil-piercing through procedural ambiguity. Their procedural challenge to the Rule 34 request misreads the purpose and structure of the Federal Rules; their refusal to participate in the Rule 26(f) conference constitutes a procedural breach; their entire Opposition fails to address any substantive legal basis; and their procedural arguments are factually unsupported.

The Motion to Compel Disclosure (ECF No. 25) satisfies all requirements under Rules 26, 34, and 37 of the Federal Rules of Civil Procedure. It is legally sound, procedurally diligent, and substantively critical to Plaintiff's federally protected inheritance rights and Defendants' statutory asset disclosure obligations under federal law.

For these reasons, Plaintiff respectfully requests that the Court deny Defendants' Opposition (ECF No. 33) in its entirety and grant Plaintiff's Motion to Compel Disclosure, ordering Defendants to produce the complete asset information listed in Exhibit J within a set deadline. Only by doing so can the Court preserve procedural integrity and ensure that this case proceeds to substantive adjudication on the basis of a full and truthful factual record.

Date: June 21, 2025                             By: /s/ Lianlian Porth
                                                Name: Lianlian Porth
                                                Atty.: Pro Se