UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIANLIAN PORTH,<br><br>        Plaintiff,<br><br>    v.<br><br>PAYWARD, INC., et al.,<br><br>        Defendants. | Case No. 25-cv-01885-VC<br><br>**ORDER DISMISSING CASE**<br>Re: Dkt. No. 15 |

      The motion to dismiss is granted for lack of subject matter jurisdiction. This order assumes the reader's familiarity with the facts, relevant legal standards, and arguments made by the parties.

      There is no diversity jurisdiction because the parties are both citizens of California. There is also no federal question jurisdiction. Porth brings several state law claims such as fraudulent concealment, fraudulent misrepresentation, interference with inheritance rights, and conversion[1] based on Payward's alleged provision of false information about the amount contained in her late husband's account and obstruction of her ability to access those assets. Although Porth mentions several federal laws as relevant to those state law claims, the complaint does not "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (quoting *Grable & Sons Metal Products v. Darue Engineering & Manufacturing*, 545 U.S. 308, 314 (2013). None of the federal issues are necessary to proving her state law claims nor are they substantial questions that would

---

[1] This claim is titled "property torts" in the complaint and is best construed as a claim for conversion.

be important to resolve for the "federal system as a whole." *Id.* at 260.[2]

Further, to the extent Porth seeks to obtain her husband's remaining assets in Payward's accounts, this Court also lacks jurisdiction under the probate exception, which "reserves probate matters to state probate courts and precludes federal courts from disposing of property in the custody of a state court." *Goncalves By & Through Goncalves v. Rady Children's Hospital San Diego*, 865 F.3d 1237, 1251 (9th Cir. 2017).

Because it's clear that Porth would not be able to cure the jurisdictional defects in her complaint, dismissal is without leave to amend. This ruling does not preclude Porth from seeking to vindicate any rights she may have in state court. The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: July 17, 2025

VINCE CHHABRIA
United States District Judge

---

[2] In the complaint, Porth pleads a claim under the federal Bank Secrecy Act, Anti-Money Laundering Act, and Know Your Customer regulations. *See* Complaint at 84, Dkt. No. 1-1. There is no private right of action under these federal laws and regulations, which Porth appears to concede in her opposition brief. *See Venture General Agency, LLC v. Wells Fargo Bank, N.A.*, 2019 WL 3503109, at *7 (N.D. Cal. Aug. 1, 2019) (citing cases); Opposition at 9, Dkt. No. 19. Instead, Porth argues in the opposition that these federal laws are a necessary and substantial component of her underlying state law claims. *See* Opp. at 9.